■ BEATRICE DAVIS, as Administratrix of the Estate of IRVING S. DAVIS, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 38352.)

HERLIHY, J. The State appeals from that part of an order of the Court of Claims which, after dismissing the claim, granted the motion to file an amended claim. The original claim, dated October 3, 1960, was brought to recover for the wrongful death of the husband of the claimant on July 19, 1960 and alleged that his estate and next of kin sustained damages. The record contains a certificate dated January 24, 1964 from the Clerk of the Surrogate's Court of the county where decedent resided stating that "No Petition filed for Letters of Administration. In the matter of the estate of Irving Simon Davis deceased." Thereafter, a motion made by the State to dismiss the claim for lack of jurisdiction was granted, but claimant was given permission to file a verified amended claim. Subdivision 2 of section 10 of the Court of Claims Act provides in part that a notice of intention or claim by an administrator for damages shall be filed within 90 days after the appointment of such administrator. It further provides that "*In any event such claim shall be filed within two years after the death of the decedent.*" (Emphasis supplied.) It is not disputed that the original claim was filed by the claimant as the widow of the decedent and that it was jurisdictionally defective. The statute prescribes the person who has the right to enforce the claim and no cause of action arises until the representative is duly appointed. (*Boffe* v. *Consolidated Tel. & Elec. Subway Co.*, 171 App. Div. 392, affd. 226 N. Y. 654; *Smith* v. *New York Cent. R. R. Co.*, 183 App. Div. 478; *Sutherland* v. *State of New York*, 189 Misc. 953, 969.) The failure to have a representative appointed does not toll the running of the two-year Statute of Limitations. Where, as here, the subject matter is jurisdictional, the error cannot be corrected by an order *nunc pro tunc*. (*Stock* v. *Mann*, 255 N. Y. 100, 103.) *Matter of Figueroa* v. *City of New York* (279 App. Div. 771) relied upon by the claimant, is not applicable. The holding in that case that anyone can file a notice of intention to sue, even if he is not the legal representative of the estate, has no application here where we are not dealing with a notice of intention, but with the claim itself. Even if we treated claimant's first application as a notice of intention, such notice does not hold open the court's jurisdiction beyond the

two-year limit for filing the claim. (Court of Claims Act, § 10, subd. 2.) Order modified, on the law and the facts, so as to delete the provisions thereof granting permission to serve an amended claim and, as so modified, affirmed, without costs. Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur.