RUDOLPH DI SANTO, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 41827.)

Third Department, December 30, 1964.

*Louis J. Lefkowitz, Attorney-General* (*Grace K. Banoff* and *Paxton Blair* of counsel), for appellant.

*Markhoff, Gottlieb & Harkins* (*Nathan L. Levine* of counsel), for respondent.

HERLIHY, J. The State contends that this order is sufficiently broad to include general discovery and inspection and that the State is not subject to such pretrial procedure.

We determine that article 31 of the CPLR, captioned "Disclosure" is applicable to the Court of Claims, subject only to the limitation contained in CPLR 3102 (subd. [f]) which provides: "(f) Action in court of claims. In an action in the court of claims, disclosure may be obtained only by order of that court."

This proviso is a salutory one. With the many diversified divisions and departments of the State, to allow disclosures (which include general discovery and inspection) by any other method would be detrimental to the efficient operation of State departments.

In proposing and enacting article 31, the Legislature had before it the many court decisions where permission for such examination had been denied albeit the court was of the opinion that to allow the State such rights and deny the same to its adversary in the same proceeding was illogical and unjust. (See *Carey* v. *Standard Brands,* 12 A D 2d 233, 235, affd. 12 N Y 2d 855.)

Considering the words of limitation in the section as to the manner of procedure, we must conclude that the drafters of the CPLR intended that article 31 should apply to actions in the Court of Claims. The CPLR is not intended to limit but rather to liberalize the former practice and this decision is in accordance with such intent.

The order should be affirmed.

GIBSON, P. J., REYNOLDS, AULISI and HAMM, JJ., concur.

Order affirmed, with costs to respondent.