■ CHARLES C. JANSEN, as Administrator of the Estate of OSCAR J. JANSEN, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 42965.) — Order insofar as appealed from unanimously modified in accordance with the memorandum and as modified affirmed, with costs to claimant. Memorandum: The State appeals from a portion of an order granting claimant certain rights of discovery and inspection in the portion of the Rochester State Hospital from which claimant's intestate allegedly jumped to his death. It is urged that the State is insulated from discovery and inspection in the Court of Claims. We disagree. In our view, the provisions of the CPLR were intended to liberalize the former practice as to discovery and inspection with respect to actions in the Court of Claims (*Di Santo* v. *State of New York*, 41 Misc 2d 601, affd. 22 A D 2d 289). The order authorizes, *inter alia*, "recording by motion picture" the area of the building involved. Since the claimant may inspect, measure and photograph the area, motion pictures are not necessary or essential to afford a full and complete opportunity to present the claimant's case. The order appealed from should be modified by deleting the provision for the taking of motion pictures. The order also fixed the date and time of the discovery and inspection. A new date and time, at a reasonably early date which is mutually convenient, should be agreed upon. In the event agreement cannot be reached, either party may on notice apply to the Court of Claims for an order fixing the date and time. (Appeal from certain parts of an order of Court of Claims granting claimant's motion for discovery, inspection, etc.) Present — Williams, P. J., Bastow, Goldman and Del Vecchio, JJ.

■ NEW YORK CENTRAL RAILROAD COMPANY, Respondent, v. VINCENT P. APTON et al., Appellants.— Judgment unanimously affirmed, without costs of this appeal to either party, and without prejudice to the right of defendants or their successors in interest to take such proceedings as they may be advised to move to modify the judgment so as to grant an easement for use as a private crossing. (Appeal from judgment of Monroe Trial Term granting a permanent injunction prohibiting defendants from crossing plaintiff's land.) Present — Williams, P. J., Bastow, Goldman and Del Vecchio, JJ.