■ In the Matter of the Accounting of MATHIAS P. POERSCH, as Surviving Trustee of a Trust Created by FRANK C. O'BRIEN, Deceased. GERTRUDE E. KELLIHER et al., Appellants; JOHN G. SMITH et al., as Administrators of the Estate of GRACE C. O'BRIEN, Deceased, et al., Respondents.— Motions to dismiss appeals denied, without costs. Appellants should serve copy of notice of appeal upon representative of the deceased respondent within 15 days after substitution is made (Surrogate's Ct. Act., § 297; CPLR 1021). Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

■ JAMES F. McDONALD, as Administrator of the Estate of THOMAS McDONALD, Deceased, Respondent, v. KING'S DEPARTMENT STORE, INC., Appellant.— Motion to dismiss appeal denied, without costs (*Weeks* v. *Weeks,* 265 App. Div. 942). Respondent's brief may be served and filed on or before November 1, 1966. Gibson, P. J., Herlihy. Reynolds, Aulisi and Staley, Jr., JJ., concur.

■ CONSTANCE D. KREINDLER, Appellant-Respondent, v. IRVING TRUST COMPANY et al., Respondents, and WINTHROP, STIMSON, PUTNAM & ROBERTS et al., Respondents-Appellants.— Motion for reargument granted, without costs. On reargument the court adheres to its original decision. As respects the fiduciary's attorneys' right to compensation, recourse must be had in the first instance at least to the provisions of Article VI of the trust agreement, and we clearly held that CPLR 8303 (subd. [a], par. 4) was inapplicable at this juncture. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

■

## (October 27, 1966)

■ HARRIET LEWIS, Individually and as Administratrix of the Estate of MORRIS LEWIS, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 41484.) — HERLIHY, J. Appeal by the State from a judgment of the Court of Claims in favor of the claimant in the amount of $6,179.82 for wrongful death and conscious pain and suffering. The State contends that the judgment must be reversed and the claim dismissed because the claimant was not appointed as administratrix until some two months after the claim was filed and some five months after the death of the claimant's deceased. No amended claim was filed and at the trial the State's motion to dismiss the claim should have been granted. (See Court of Claims Act, § 10, subd. 2.) We agree with the appellant for the reasons set forth in our opinion in *Davis* v. *State of New York* (22 A D 2d 733). (Cf. *Boffe* v. *Consolidated Tel. & Elec. Subway Co.,* 171 App. Div. 392, affd. 226 N. Y. 654.) The authorities cited by the respondent are not controlling. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.