Alexander Del G-iorno, J.
Claimants by this motion seek leave to examine the State through a particular person, namely Mr. James Rodetis, as to all evidence material and necessary to the prosecution of this claim. The State, in opposition, contends that as Mr. Rodetis is not one of its employees nor within the control of the State, said motion should be denied.
An earlier examination before trial was held on January 15, 1970, at which time the State produced as its witness Mr. Jerome D ’Amaro who testified in substance, as set forth in the affirmation in support of motion filed by claimants ’ attorney, as follows: that he, Mr. D ’Amaro, was the project engineer on the highway improvement project out of which arose the subject matter of this claim, that the resident engineer on the project was Mr. Rodetis and that the latter was in actual charge of the project, supervising both the contractor and the inspectors on the project, that Mr. D ’Amaro was essentially a representative of the State at the project whose specific job was to supervise the work of the State’s consultant, Parsons, Brinkerhoff, Quade & Douglas, an engineering firm which did the actual project inspection work and furnished all engineering services for the construction of the highway improvement project pursuant to a contract they had with the State and that Mr. Rodetis was an employee of said consultant.
As regards the flooding which is the 'subject matter of this cause of action, Mr. D ’Amaro’s testimony further indicated that he himself had very little, if any, personal knowledge thereof, that the information which was in his possession had been obtained from Mr. Rodetis and that he, Mr. D ’Amaro, had not personally observed the flooding conditions which occurred on June 19 and June 23 of 1967 since, as to the former date, he had dispatched Mr. Rodetis in his place to look into the matter although he himself never visited the job site and, as to .the latter date, he was on vacation leaving Mr, Rodetis as the State’s representative on the job with full authority on that day.
The affirmation in support of motion that goes on to recite that as Mr. Rodetis is apparently the only responsible person in charge of the project on behalf of the State with personal knowledge of the events underlying the claim, an opportunity to examine Mr. Rodetis concerning the flooding should be granted. In addition, the affirmation alleges that Mr. Rodetis is under the effective control of the State by reason of the State’s contract *522 with Mr. Rodetis ’ employers and that such control was in fact exercised throughout the course of the project.
The State in its affidavit in opposition opposes claimants’ request for a further examination before .trial on .the ground that Mr. Rodetis is not an employee of the State of New York but rather of the consultant, Parsons, Brinkerhoff, Quade & Douglas. It further alleges that as Mr. Rodetis is not within the control of the State it should not be required to produce said individual at an examination before trial.
In a reply affirmation claimants question this view and ask how .the State, which had so effectively in the past exercised control over both the consultants as well as Mr. Rodetis, could so suddenly have lost this control for no apparent reason.
CPLR 3101 (subd. [a]) and subdivision 2 of ¡section 17, of the Court of Claims Act are controlling and provide in relevant portion as follows: “§ 3101. Scope of disclosure, (a) Generally. There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by: * * * (4) any person where the court on motion determines that there are adequate special circumstances.
“ § 17. Examination before trial. * * * 2. By the claimant. Upon application of the claimant after notice to the attorney-general and upon proof that the examination of an officer or employee of the state or of a witness is material and so necessary that he cannot properly prepare for trial or present his claim to the court upon the trial and that the interests of justice require the same, the court may, in its discretion, order the examination before trial of such officer or employee of the ■state as an adverse party, or of such witness ’ ’.
In Allen v. Crowell-Collier Pub. Co. (21 N Y 2d 403) the ‘Court of Appeals had occasion to pass on the meaning of the term ‘ ‘ material and necessary ”. “ the words, ‘ material and necessary ’, are, in our view, to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason.” (p. 406). (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.07.)
An interpretation of the phrase ‘ ‘ special circumstances ’ ’ as set forth in CPLR 3101 must always depend, of course, on the facts presented in a given case subject to the general guideline set forth in.CPLR 104 which provides that “ the civil practice law and rules shall be liberally construed to secure the just, *523 speedy and inexpensive determination of every civil judicial proceeding. ’ ’
This court finds that special circumstances necessitating the production of a witness by the State exist whenever the criteria set forth in subdivision 2 of section 17, of the Court of Claims Act are met, i.e., a party cannot properly prepare for trial or present his claim at trial and the interests of justice requires his production. In the case at bar claimant has met this criteria beyond a shadow of a doubt. The State’s own engineer, Mr. D ’Amaro, whom the State elected to produce at the earlier examination before trial, stated that he had no personal knowledge of the flooding in question (despite the provision in the order directing an examination before trial that the State produce a person with knowledge of the facts) since on the first occasion he sent Mr. Rodetis to look into the situation and did not personally inquire himself and on the second occasion was on vacation with Mr. Rodetis at the time left fully in charge. “Special circumstances are often presented which warrant the examination before trial of a person other them a party, even though such person might be available for the trial * * * Thus examinations of witnesses are permitted * * * where the witness has special or exclusive knowledge of the facts in issue ”. (Southbridge Finishing Co. v. Golding, 2 A D 2d 430, 435; emphasis added.)
At this point the court must expressly reject the State’s reasoning that it cannot be required to produce Mr. Rodetis since the latter “ is not within the control of the State of New York.” This mere conclusory allegation is unsubstantiated by the record and contrary to established fact. True, Mr. Rodetis is an employee of the consultant and not of the State of New York but we cannot ignore the State’s prior contract with the consultants nor the prior control it exercised directly over Mr. Rodetis as the project engineer at a time when the alleged cause of action arose. (See Rensselaer Polytechnic Inst. v. Machnick Constr. Co., 19 A D 2d 677 [control over consultant’s employee found to exist].) As stated by Professor Siegel in his Commentary entitled “ The 1 Special Circumstance ’ Rule of 3101 (a) (4) ”: “If a witness holds the key, or merely a key, to any substantial fact involved in the case, how can any lawyer in this day and age be compelled to go to trial without knowing intimately what the witness is going to say? ” (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3101, p. 27.)
Applying the preceding reasoning, the court finds that when considered in light of the special circumstances of the case at *524 bar, the interests of justice require that claimant be entitled to examine Mr. Eodetis and the State is hereby ordered to produce said individual for examination at a time to be agreed on.