Robert J. Mangum, J.
In this motion claimant, seeks to conduct an examination before trial of three State hospitals and a private facility, Vassar Brothers Hospital, to which claimant was sent for treatment by the State, together with all books and records concerning her various confinements and care at these different institutions.
The State, as well as the private facility, opposes the motion to examine Vassar Brothers Hospital upon the grounds that no “ special circumstances ” have been indicated warranting disclosure by the private facility pursuant to CPLR 3101 (subd. [a], par. [4])„
The facts underlying this claim indicate claimant was caused to sustain extensive X-ray burns over certain portions of her body while a patient at Brooklyn State Hospital. She was treated at several State hospitals when in 1966 an amputation was performed upon her left arm. Thereafter, at the request of Hudson River State Hospital claimant was admitted to Vassar Brothers Hospital where further surgical procedures were performed. During her stay at Vassar Brothers Hospital, from April to August, 1967, claimant underwent a total of six operations.
The provisions of article 31 of the CPLR are not only intended to liberalize the practice of discovery and inspection in the Court of Claims (Jansen v. State of New York, 24 A D 2d 551) but to more liberally permit pretrial disclosure of ‘ ‘ any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity.” (Allen v. Crowell-Collier Pub. Co., 21 N Y 2d 403, 406; Matter of Teachers Assn. [Bd. of Educ.], 61 Misc 2d 492).
In recommending a broad interpretation of the words ‘ ‘ material and necessary, ’ ’ found in CPLR 3101 the Court of Appeals held in Allen (supra, p. 407) that so long as the evidence is sought in good faith for possible use as evidence-in-chief or in rebuttal or cross-examination it should be considered material, and necessary, if it is “ needful,” not indispensable.
According to the statute a further provision must be satisfied before the court may order disclosure of a nonparty witness. There must be a showing of ‘ ‘ adequate special circumstances. ’ ’ *846 McKinney’s Practice Commentary entitled “ The ‘ Special Circumstance ’ Rule of 3101(a) (4) ” suggests “ a mere showing by the lawyer that he needs such witness’s pretrial deposition in order to prepare fully for the trial should suffice as a ‘ special circumstance ’ (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3101, p. 27.) Although the necessity for such witness’s deposition in order to facilitate the preparation of trial may be evident, the availability of other means for ascertaining the same information would tend to place in doubt the existence of special circumstances. The more liberal rules governing pretrial disclosure were obviously not intended to harass prospective nonparty witnesses.
The special circumstance requirement is satisfied, however, '“where the witness has special or exclusive knowledge of the facts in issue ” (Southbridge Finishing Co. v. Golding, 2 AD 2d 430, 435; Pearson v. Pouthier, 33 A D 2d 531), or he may be a hostile witness because of some relationship, past or present, with the adverse party. (7 Carmody-Wait 2d, New York Practice, § 42:84, pp. 140-144.)
Whether the surgical procedures performed at Vassar Brothers Hospital were required as a result of excessive radiation exposure, or due to some other pre-existing malady suffered by claimant, is manifestly material and necessary to the prosecution of this claim concerning the question of damages and within the exclusive knowledge of the witness. (A. G. Concrete Breakers v. State of New York, 4 A D 2d 739.)
Further, the engagement of Vassar Brothers Hospital by the State for certain medical treatment of claimant places the hospital within the scope of a hostile witness either because of their prior relationship with the defendant (General Bldg. Supply Corp. v. State of New York, 63 Misc 2d 520) or implied reluctance to disclose information because of the possible existence of collateral litigation.
During oral argument, at which time only the State and claimant were represented by counsel, a question was presented regarding whether the nonparty witness should have been served with a subpoena. This issue was not raised in the answering affidavit of the attorneys representing the hospital.
A reading of the relevant sections of the CPLR would indicate, and indeed case law has substantiated (Spector v. Antenna & Radome Research Assoc. Corp., 25 A D 2d 569; Bush Homes v. Franklin Nat. Bank, 61 Misc 2d 495), that in seeking the examination of a nonparv witness a subpoena is usually served on the witness (CPLR 3106, subd. [b]) and the adverse party receives *847 notice thereof pursuant to CPLR 3107 before resort is had to judicial fiat. It was contemplated such procedure would afford the adverse party or witness an opportunity to then move to quash the subpoena or for a protective order, if they were so advised, on the grounds the requirements of the statute have not been met. This procedure fulfills thé intent of article 31 of the CPLR, ‘ ‘ which envisages a maximum disclosure of facts with a minimum of judicial supervision ” (Spector, supra, p. 570).
In this motion, where the nonparty witness has received notice and submitted an answering affidavit, he was waived the technical deficiency of not being served with a subpoena, and effectively placed before the court the very issue that the above outlined procedure seeks to accomplish.
Moreover, in the Court of Claims, where the State is a defendant, and claimant seeks to examine a nonparty witness, application must in any event first be made before the court (Court of Claims Act, § 17, subd. 2). Service by notice of motion preserves the rights of the respective parties, satisfies the intent of article 31, submits the relevant issues to judicial determination, and obviates the need for service of a subpoena.
The interests of justice requiring same, claimant’s motion to examine the several, State hospitals enumerated in the moving papers as well as an officer of Vassar Brothers Hospital together with all books, records and other medical documentation relative to claimant’s confinement, care, and treatment is granted.
The examination of the State shall take place at the offices of' the Attorney-General located on the 10th floor of 270 Broadway, New York City, at a date and time to be mutually agreed upon between the attorneys. The examination of Vassar Brothers Hospital shall be similarly arranged to take place at the Court of Claims, 28 Market Street, Poughkeepsie.