■ VIRGINIA A. SMITH, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 58744.)—Appeal from (1) an order of the Court of Claims, entered October 20, 1975, which granted claimant's motion to amend her claim and (2) an order of the same court which denied the State's motion for summary judgment. This claim was brought to recover damages for the alleged wrongful death of Robert Charles Kruseck who drowned on August 17, 1973 in a pond on property acquired by the Metropolitan Transportation Authority for the establishment of an airport. Claimant filed a notice of intention to file a claim on November 7, 1973. In said notice, claimant was designated as "Virginia Anna Smith, as Parent and Natural Guardian of Robert Charles Kruseck, Jr." The defendants were designated as "The State of New York, New York State Department of Transportation of the State of New York, Stewart Airport Land Authority and Metropolitan Transportation Authority (MTA)." The claimant was not married to the deceased, but was the mother of Robert Charles Kruseck, Jr., who was born out of wedlock. The deceased was the father of said infant and an order of filiation was granted by the Family Court, Orange County, New York, on May 2, 1973 adjudging decedent to be the father of said infant and directing him to pay $15 per week toward said infant's support. On September 30, 1974 claimant filed her claim with the clerk of the court and served the Attorney-General pursuant to section 11 of the Court of Claims Act. In the original claim, claimant was designated simply as "Virginia Ana Smith" and the State of New York was designated as the sole defendant. On a motion returnable June 3, 1975, claimant moved for an order permitting her to amend the title of her claim to read "Virginia Ann Smith, as mother and natural guardian

of Robert Douglas Kruseck, Jr.", "in the place and stead of Virginia Ann Smith against the State of New York". The State made a cross motion to dismiss the claim and for summary judgment for the State on the grounds the action had no merit, that claimant had no standing to prosecute the claim and that the State is not a proper party defendant. Both motions were adjourned to September 16, 1975. On the argument on the adjourned date, the State also claimed that claimant's claim was now barred because it was not filed by an executor or administrator within two years after the death of decedent. Claimant served an additional reply affidavit on argument showing that the Surrogate's Court of Orange County granted limited letters of administration on the estate of the decedent on September 10, 1975 and that on September 11, 1975 claimant had filed an amended notice of intention to file a claim and an amended claim, without prior court approval, in which claimant was designated as administratrix of the estate of Robert Kruseck, deceased. On September 16, 1975 the court granted the order appealed from amending the title of claimant's claim by designating claimant as administratrix of the estate of Robert Kruseck, deceased and adding as defendants the State Department of Transportation, Stewart Airport Land Authority and Metropolitan Transportation (MTA). By the other order appealed from dated September 16, 1975 the court denied the State's motion for summary judgment. On this appeal the State claims that claimant's claim is barred by subdivision 2 of section 10 of the Court of Claims Act, that no claim is stated against the State and that the claim has no merit. We agree with the State that claimant's claim is barred and that Court of Claims is without jurisdiction to hear this claim against the State or any of the other parties designated as defendants in the amended claim. Section 10 of the Court of Claims Act is more than a Statute of Limitations. It is a jurisdictional prerequisite to maintaining an action in the Court of Claims *(De Marco v State of New York,* 43 AD2d 786, affd 37 NY2d 735; *Modern Transfer Co. v State of New York,* 37 AD2d 756). Under subdivision 2 of section 10 of the Court of Claims Act, the Court of Claims has jurisdiction to hear claims for wrongful death only if an executor or administrator of a decedent is appointed and files a claim therefor within two years after the death of decedent. Claimant's motion papers show that she was appointed administratrix more than two years after the death of the decedent and filed her amended claim as said administratrix more than two years after his death. We have recognized that "The statute as written does not require that one have formal status as legal representative before a notice of intention may be filed, so long as the notice is timely filed and the claim itself is ultimately timely filed by a claimant with the status of authorized legal representative." *(Matter of Johnson v State of New York,* 49 AD2d 136, 139.) In this case the claim was not timely filed by an authorized representative. This case is controlled by our decision in *Davis v State of New York* (22 AD2d 733). In that case claimant's husband died July 19, 1960. Claimant, the widow of the decedent filed a claim for wrongful death on behalf of the estate and the next of kin on October 3, 1960. When no personal representative had been appointed for decedent by January, 1964, the State moved to dismiss the claim for lack of jurisdiction. The State's motion was granted but claimant was given permission to file an amended claim as administratrix. On appeal the order was reversed as the court had no jurisdiction to allow a filing of the proposed amended claim after two years. The court said (pp 733, 734): "Subdivision 2 of section 10 of the Court of Claims Act provides in part that a notice of intention or claim by an administrator for damages shall be filed within 90 days after the

appointment of such administrator. It further provides that *'In any event such claim shall be filed within two years after the death of the decedent.'"* It is not disputed that the original claim was filed by the claimant as the widow of the decedent and that it was jurisdictionally defective. The statute prescribes the person who has the right to enforce the claim and no cause of action arises until the representative is duly appointed. *(Smith v New York Cent. R. R. Co.,* 183 App Div 478; *Boffe v Consolidated Tel. & Elec. Subway Co.,* 171 App Div 392, affd 226 NY 654; *Sutherland v State of New York,* 189 Misc 953, 969.) The failure to have a representative appointed does not toll the running of the two-year Statute of Limitations. Where, as here, the subject matter is jurisdictional, the error cannot be corrected by an order *nunc pro tunc. (Stock v Mann,* 255 NY 100, 103.) *Matter of Figueroa v City of New York* (279 App Div 771) relied upon by the claimant, is not applicable. The holding in that case that anyone can file a notice of intention to sue, even if he is not the legal representative of the estate, has no application here where we are not dealing with a notice of intention, but with the claim itself. Even if we treated claimant's first application as a notice of intention, such notice does not hold open the court's jurisdiction beyond the two-year limit for filing the claim. (See, also, *Lewis v State of New York,* 26 AD2d 878, affd 25 NY2d 881.) The order allowing claimant to amend her claim must be reversed and the order denying the State's motion for summary judgment must be reversed and summary judgment granted to the State. As the Court of Claims has no jurisdiction to hear this claim under the circumstances, we have not passed upon the other points raised by the State. Nothing in this opinion should be considered as an indication that the Court of Claims has jurisdiction to hear claims against the other named defendants. (Cf. *Matter of Dormitory Auth. of State of N. Y. [Span Elec. Corp.],* 18 NY2d 114; *Story House Corp. v State of New York Job Development Auth.,* 37 AD2d 345, affd 31 NY2d 942; Public Authorities Law, §§ 1263, 1264, 1265, 1276.) Section 1276 of the Public Authorities Law requires a tort action against the Metropolitan Transportation Authority to be commenced within one year after the cause of action accrues and a notice of claim to be served on the authority within the time limited and in compliance with all the requirements of section 50-e of the General Municipal Law. The record does not show compliance with this section. Furthermore, nothing in this opinion should be construed to indicate that filing a claim in compliance with section 11 of the Court of Claims Act constitutes valid service of process to start an action against any of the other named defendants. (See *Cantor v State of New York,* 43 AD2d 872.) Order granting claimant's motion to amend the claim reversed, on the law and the facts, without costs, and motion denied; order denying the State's motion for summary judgment reversed, on the law, without costs, and motion for summary judgment dismissing the claim granted. Greenblott, J. P., Sweeney, Main, Herlihy and Reynolds, JJ., concur.