Memorandum. The order of the Appellate Division should be affirmed, without costs.
 

 On August 17, 1973 claimant, Virginia Ana Smith, and Robert Charles Kruseck, Sr., the decedent, were picnicking with her daughter and their son on land recently acquired by the State by condemnation. The decedent was accidentally drowned when he went to the rescue of claimant’s infant daughter who had wandered into a pond on the State land.
 

 On November 7, 1973 claimant, describing herself "as parent and natural guardian of Robert Charles Kruseck, Jr.”, the infant son, served on the Attorney-General a notice of claim for damages for the decedent’s wrongful death. On September 30, 1974 claimant served a claim on the State for such damages, this time in her individual name only. Under date of October 18, 1974 claimant furnished a bill of particulars in response to the State’s demand therefor, and her testimony was taken in an examination before trial on April 29, 1975.
 

 By notice of motion dated May 22, 1975, returnable June 3, 1975, claimant moved to amend the title of her claim to read, "Virginia Ann Smith, as mother and natural guardian of Robert Douglas Kruseck, Jr. in the place and stead of Virginia Ann Smith”. Thereupon, by notice of cross motion dated May 22, 1975 the State moved for summary judgment dismissing the claim on the grounds,
 
 inter
 
 alia, that the action had no merit and that plaintiff had no standing to sue. After making explicit reference to subdivision 2 of section 10 of the Court of Claims Act, which requires the executor or administrator of the decedent to file the claim, the supporting affidavit continued, "The claimant herein, not having been appointed administratrix at the time of filing the claim, has no standing to maintain the action and on this basis alone the action must be dismissed.”
 

 Both motions were adjourned to September 16, 1975 on which date claimant served her papers in opposition and informed the court that limited letters of administration had been issued to her on September 10, 1975 and that an amended notice of claim and an amended claim had been filed and served. The State contended that the claim was then barred as not having been timely filed.
 

 
 *1065
 
 We agree with the Appellate Division that it was error on the part of the Court of Claims to have denied the State’s motion for summary judgment. Subdivision 2 of section 10 of the Court of Claims Act provides: "2. A claim by an executor or administrator of a decedent who left him or her surviving a husband, wife or next of kin, for damages for a wrongful act, neglect or default, on the part of the state by which the decedent’s death was caused, shall be filed within ninety days after the appointment of such executor or administrator, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after the death of the decedent. In any event such claim shall be filed within two years after the death of the decedent.” A claim for wrongful death against the State can only be filed by a proper representative of the decedent, and the statute requires that the claim be filed within two years after the death of the decedent (cf.
 
 Lewis v State of New York,
 
 26 AD2d 878, affd 25 NY2d 881). In this instance, although express notice of the statutory requirement was given by the State three months before the expiration of the two-year period, the representative was not appointed until nearly a month after the expiration of the statutory period.
 

 Inasmuch as timeliness of filing is a jurisdictional prerequisite to making a claim and in this instance no legally sufficient claim was timely filed, the State’s motion for summary judgment should have been granted.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Order affirmed.