Arnold Guy Fraiman, J.
This is a motion by petitioners for an order amending a prior order of this court dated February 8, 1977 which granted petitioners the right pursuant to CPLR 3102 (subd [c]) to take a deposition in aid of arbitration of Old Dominion Dairy Products, Inc., a Virginia corporation, ("Old Dominion”), as a nonparty witness. In their prior motion, which was granted by default, petitioners sought to depose Old Dominion in order to learn the amount of stock in Old Dominion purchased by respondent and the dates of such purchases. This was relevant to the issue of liability in the arbitration proceedings. They now seek to expand their discovery in aid of arbitration to include the submission of interrogatories to Old Dominion and the requirement that it produce documents pursuant to their demand. Further, they wish to widen the scope of their discovery so as to permit them to inquire into Old Dominion’s worth. This latter issue may be *850 relevant in the arbitration proceeding on the question of damages. Respondent opposes petitioners’ motion and cross-moves to stay any discovery of Old Dominion. Basis for the cross motion is the contention that service of petitioners’ original motion papers on Old Dominion by mail in Virginia did not confer jurisdiction of this court over it and, in addition, that petitioners have failed to demonstrate any extraordinary circumstances warranting the court’s granting of discovery in aid of arbitration.
In considering respondent’s claim of lack of jurisdiction, it is necessary to examine exactly what this court did in its prior order of February 8. In granting petitioners’ motion to depose Old Dominion, which is not a party to the arbitration proceeding, it ordered that petitioners were to take the deposition "at such time and place as the Virginia court shall direct pursuant to the uniform foreign depositions statute enacted in that State.” That statute is the equivalent of CPLR 3102 (subd [e]), which provides that when an out-of-State court directs the taking of testimony of a witness in New York, the witness "may be compelled to appear and testify in the same manner and by the same process as may be employed for the purpose of taking testimony in actions pending in the state. The supreme court * * * shall make any appropriate order in aid of taking such a deposition.” In New York, where a motion is made seeking examination of a nonparty witness, only parties to the action need receive notice. No notice is required to be given to the witness himself. (CPLR 3107.) Once the motion is granted, a subpoena is served upon the witness compelling his attendance, and upon such service, the witness, of course, may in turn move to quash it on any appropriate ground. Here, there is no contention that proper notice of motion was not served on respondent, as distinguished from Old Dominion. Thus, the court had jurisdiction to decide the motion, and now, pursuant to the Virginia uniform foreign depositions statute, the Virginia court, if its procedure is the same as that followed in New York, will direct the issuance of a subpoena to Old Dominion, requiring it to appear for the purpose of being deposed, if it has not already done so. Accordingly, respondent’s contention that this court was without jurisdiction over Old Dominion when it issued its February order is baseless.
With respect to respondent’s argument that discovery of Old Dominion should be stayed because of the absence of extraor *851 dinary circumstances, that argument should have been made in opposition to petitioners’ original motion, which, as noted, was granted by default by another Justice of this court. Respondent apparently does not attempt to excuse his default, but instead seeks to reargue the motion before another Justice of co-ordinate jurisdiction. Under the circumstances, this court will not consider or pass upon respondent’s contention. (Echevarria v Harrison, 59 AD2d 665.)
Turning to petitioners’ motion to expand and widen the scope of discovery of Old Dominion previously granted so as to include disclosure relating to the worth of Old Dominion, this is only germane to petitioners’ claim for damages. Moreover, it may well involve sensitive matters of trade or business secrets. Discovery in aid of arbitration may be had only upon a showing of extraordinary circumstances. (See Matter of MVAIC [McCabe], 19 AD2d 349; Gelbfish v Castellucci, 46 AD2d 863.) That criterion has not been met in this case. While it is true that certain discovery has already been granted in this case by another Justice, it was granted by default, and the court will limit that discovery to precisely what was there sought, to wit, the taking of Old Dominion’s deposition for the purpose of ascertaining respondent’s holdings in that company, and the dates such holdings were acquired. However, without deciding the matter at this time, in the event petitioners are successful on the issue of liability in the arbitration proceeding, they may, if they so desire, renew their motion at such time and the court will consider it de novo.