■ CORRINE JONES, as Intended Administratrix of the Estate of ROBERT M. JONES, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 59466.)—Appeal from an order of the Court of Claims, entered March 20, 1978, which granted claimant's motion to amend the caption of her claim and denied the State's motion for summary judgment. The claim was brought to recover damages for personal injuries and wrongful death of Robert Michael Jones on April 22, 1975. Negligence is predicated upon the premature release of Michael Richter from the Bronx Psychiatric Center on December 6, 1974. A claim was filed on July 16, 1975 whose caption read, "Corrine Jones, individually and as intended Administratrix of the Estate of Robert Michael Jones, deceased." Corrine Jones was appointed administratrix on July 29, 1975. At the commencement of trial on September 19, 1977, defendant moved for a dismissal of the claim on the ground that claimant should have refiled or amended her claim and that having failed to do so the action is time barred. The motion to dismiss was denied. We agree with the State that claimant's claim is time barred and that the Court of Claims is without jurisdiction to hear this claim against the State. Section 10 of the Court of Claims Act is a jurisdictional prerequisite to maintaining an action in the Court of Claims (Smith v State of New York, 53 AD2d 756, affd 41 NY2d 1063). Under subdivision 2 of section 10 of the Court of Claims Act, the Court of Claims has jurisdiction to hear claims for wrongful death only if an executor or administrator of a decedent is appointed and files a claim therefor within two years after the death of decedent. In this case the claim was not timely filed by an authorized representative. Even if claimant's first application was treated as a notice of intention, such notice does not hold open the court's jurisdiction beyond the two-year limit for filing the claim (Smith v State of New York, supra; Lewis v State of New York, 26 AD2d 878, affd 25 NY2d 881; Davis v State of New York, 22 AD2d 733). Order

reversed, on the law, without costs; State's motion for summary judgment granted and claim dismissed. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.