OPINION OF THE COURT
Gerard M. Weisberg, J.
This motion by claimants for the examination of the City of New York before trial as a nonparty witness requires that we address a difference between the Court of Claims Act and the Civil Practice Law and Rules and an apparent difference in the interpretation of the latter by the Appellate Divisions of the First and Second Departments.
The claim arises from an accident on the FDR Drive in the County of New York. Allegedly, claimant Maria Tavormina was injured when the automobile in which she was a passenger struck a steel grating that had been placed in the roadway. As a result of an examination before trial of the defendant State of New York, it appears, according to claimants’ counsel, that the City of New York had been doing repairs on the highway at the place of the mishap.
The City of New York received no notice of this motion.
The operative statutes underlying this motion are contained in CPLR article 31, which governs disclosure generally, and section 17 of the Court of Claims Act, which controls the conduct of examinations before trial in this court.
*229 The provisions of CPLR article 31 were intended to liberalize the disclosure practices in the Court of Claims. (Jansen v State of New York, 24 AD2d 551; Di Santo v State of New York, 22 AD2d 289, affg 41 Misc 2d 601.) Under its standards, full disclosure of material and necessary evidence by a nonparty is permissible when justified by “adequate special circumstances.” (CPLR 3101, subd [a], par [4].) The mere showing by a lawyer that he needs a witness’ deposition to prepare for trial is sufficient to warrant relief. (Kelly v Shafiroff, 80 AD2d 601; Villano v Conde Nast Pubs., 46 AD2d 118; Kenford Co. v County of Erie, 41 AD2d 586; see Siegel, NY Prac, § 345, p 424.) Since the City of New York was performing work at the accident site, its examination would aid claimants in the prosecution of this action. They are, therefore, entitled to the deposition sought. (CPLR 3101, subd [a], par [4].) The defendant State has offered no argument to the contrary.
Moreover, in addition to satisfying the requirements of the CPLR applicable to disclosure by nonparties, claimants have met the criteria for the taking of depositions under the Court of Claims Act. Section 17 of that act provides in pertinent part as follows: “Upon application of the claimant after notice to the attorney-general and upon proof that the examination * * * of a witness is material and so necessary that he cannot properly prepare for trial or present his claim to the court upon the trial and that the interests of justice require the same, the court may, in its discretion, order the examination before trial * * * of such witness”. (Court of Claims Act, § 17, subd 2.)
The words “material and necessary” have been liberally construed “to require disclosure * * * of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason.” (Allen v Crowell-Collier Pub. Co., 21 NY2d 403, 406.) We have held that the presence of the phrase “so necessary” in section 17 does not prevent the application of this interpretation of materiality and necessity to requests for disclosure in this court. (Newstad v State of New York, 111 Misc 2d 582; see General Bldg. Supply Corp. v State of New York, 63 Misc 2d 520.) Claimants cannot properly prepare for trial without the *230 deposition of the City of New York. They have, therefore, satisfied the relevant guidelines governing depositions under section 17.
Although the CPLR and the Court of Claims Act are in harmony with respect to the applicable standard for disclosure, they differ with respect to whether notice of this motion was required to be given to the nonparty. The Court of Claims Act will control in situations where it is inconsistent with the CPLR. (CPLR 101.)
Under subdivision 2 of section 17, notice is only required to be given to the Attorney-General. The situation is different where a nonparty is sought to be deposed under the CPLR. The procedure to be utilized is not specified. This had led to adoption of different approaches by the First and Second Departments. The latter adheres to the rule that the party seeking the examination may proceed by serving a subpoena on the witness with notice to the other parties. (McNulty v McNulty, 81 AD2d 581.) After such service, the witness or adversary is given the opportunity to avail himself of a protective order under CPLR 3103. (See Spector v Antenna & Radome Research Assoc. Corp., 25 AD2d 569.)
A contrary rule is discernable in the First Department. There it has been held that disclosure from a nonparty witness is permissible “only where the court on motion determines that there are adequate special circumstances, and embodies that determination in an order.” (Post v Merrill Lynch, Pierce, Fenner & Smith, 79 AD2d 558; see Bonito Mar. Corp. v St. Paul Mercury Ins. Co., 68 AD2d 864 [concurring opn by Fein, J.].)
It is not clear whether notice of the motion to depose him need be given the nonparty under the applicable procedure in the First Department. (See Matter of Frenkel [Old Dominion Dairy Prods.], 91 Misc 2d 849.) Judicial economy would best be served by requiring such notice. All interested persons would then be before the court at one time. The possibility for a redetermination of the same issues on a subsequent motion to quash by the nonparty witness, would be eliminated. (See Spector v Antenna & Radome Research Assoc. Corp., supra; Muss v Utilities & Inds. Corp., 61 Misc 2d 642.) Similarly, where a party proceeds *231 by mere subpoena to the nonparty pursuant to CPLR 3106 (subd [b]) with notice to the other parties under CPLR 3107, duplication of judicial effort is avoided. In such a case, court action, if any, would be limited to a determination of a motion to quash. (See Gates v State of New York, 72 Misc 2d 844.)
Since the claimants were required to proceed by motion, we believe that notice to the nonparty would have been appropriate. We are, however, restricted by the clear import of section 17 of the Court of Claims Act which patently requires only notice to the State of a motion to depose a witness. We cannot rewrite the unequivocal language of the statute to suit our procedural preferences. (See Matter of Rapp v New York City Employees’ Retirement System, 42 NY2d 1, 6.) Any change in this regard must come from the Legislature.
Accordingly, claimants’ motion for an examination before trial of the City of New York is granted.