OPINION OF THE COURT
Leonard Silverman, J.
The defendant, by its motion, seeks to dismiss this claim since it was filed beyond the applicable Statute of Limitations. The claimant cross-moves to file a late notice of claim pursuant to the Court of Claims Act § 10 (6).
The question raised by the State’s motion involves the interrelation between the Court of Claims Act and CPLR 205 (a). To fully understand the issue, it is necessary to examine the history of this claim.
On March 19, 1983, claimant’s decedent passed away at University Hospital. Within 90 days, a notice of intention to file claim was duly served and filed on behalf of the estate, by "Aminta Tramantano as administrator, and * * * individually.”
Although proceedings to have the claimant herein appointed administratrix were commenced prior to the expiration of the Statute of Limitations, it became apparent to *239 claimant’s counsel that the appointment would not be made prior to the expiration of that time. Nonetheless, a claim (No. 70659) was filed with the court and served on the Attorney-General on March 12, 1985, in the name of "Aminta Tramantano, Proposed Administratrix.” By an order of the' court dated May 21, 1985, that claim was dismissed because it was brought by a claimant who lacked standing to sue.
On August 12, 1985, claimant was appointed administratrix of the estate and she promptly filed this claim (No. 71611) on September 27, 1985, stating that it was filed pursuant to CPLR 205 (a).
The State in urging dismissal, asserts that the claim was filed after the expiration of the applicable Statutes of Limitation and that CPLR 205 (a) does not apply in the Court of Claims. The defendant argues that the jurisdiction of this court is limited by the Court of Claims Act and that the time limitations contained therein are absolute.
The law is well settled that the timeliness of filing is a jurisdictional prerequisite to making a claim in this court. Failure to file in a timely manner is a fatal defect which deprives the court of jurisdiction. A claim for wrongful death must be filed within two years following the decedent’s death (Court of Claims Act § 10 [2]). If this case only involved the filing of a claim on September 27, 1985, we would be compelled to dismiss the claim as untimely. Here, however, a claim had been previously filed in a timely manner, albeit by an improper party.
The question of what effect the prior filing, and subsequent dismissal thereof, has on the claim before us, is the issue which we must confront.
The statute involved, CPLR 205 (a), provides: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies, and the cause of action survives, his executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action.”
The Court of Claims Act specifies that the practice in the Court of Claims shall be the same as in the Supreme Court *240 unless the Court of Claims Act, the rules of the court or the Civil Practice Law and Rules provide otherwise (Court of Claims Act § 9 [9]). Therefore, the Civil Practice Law and Rules shall govern the procedure in all proceedings in the Court of Claims unless the Court of Claims Act provides otherwise (CPLR 101; Tavormina v State of New York, 124 Misc 2d 228). The Court of Claims Act does not specifically preclude the application of CPLR 205 (a). Is there an implied preclusion? We think not.
Over the years, the Legislature and the courts have designed and interpreted the Court of Claims Act to permit actions to be brought against the State in the same manner as an action asserting a like claim against a citizen of the State. The same reasoning must apply in this instance. We do not find that there is an inconsistency between the Court of Claims Act and the CPLR, and the applicable sections of each can be reconciled in this situation.
This claimant satisfied the jurisdictional requirements of the Court of Claims Act when she filed her claim (No. 70659) within the time limitations established by Court of Claims Act § 10. The fact that the prior action was defective and essentially was the equivalent of no suit at all, does not preclude the application of CPLR 205 (a) (Carrick v Central Gen. Hosp., 51 NY2d 242). If the prior action was properly commenced and the court acquired jurisdiction, CPLR 205 (a) is applicable to permit a new action even if the prior action was invalid (George v Mt. Sinai Hosp., 47 NY2d 170).
The case before us can be distinguished from the cases cited by the State, Smith v State of New York (53 AD2d 756, affd 41 NY2d 1063) and Jones v State of New York (69 AD2d 936, affd 51 NY2d 943). In those matters, the claimants did not seek to avail themselves of the provisions contained in CPLR 205 (a). In each instance, the claim was filed by an individual who was without standing to bring the action. That was the basis of the dismissal, just as it was for the original claim before us. In neither Smith nor Jones did the claimant, after being appointed, file a new claim within six months of the dismissal.
There is no question that CPLR 205 (a) extends a Statute of Limitations to permit a new action where a previous action was asserted in a timely manner. Were this same action commenced against the individual State employees in the Supreme Court and dismissed for lack of a duly appointed administratrix, the claimant herein could avail herself of *241 CPLR 205 (a) (Carrick v Central Gen. Hosp., supra). We see no reason why CPLR 205 (a) should not be applied in the Court of Claims to extend the time limitations of the Court of Claims Act § 10, in the same manner as it would be applied in the Supreme Court in an action asserting a like claim against a citizen of the State. This is merely an extension of a time limitation and not of the court’s jurisdiction. The court’s jurisdiction over this claim was established by the prior filing.
This section (CPLR 205 [a]) has been applied in identical situations involving a county (Mingone v State of New York, 100 AD2d 897) and a city (Bernardez v City of New York, 100 AD2d 798). The State, in this instance, is not entitled to greater protection.
In reaching our conclusion, as in any decision, we believe we have fulfilled our obligation to provide justice with an even hand and to allow every citizen his day in court. The Court of Appeals has stated that if there is "a provable claim, only unfairness to defendant or inescapable statutory mandate should foreclose assertion of that claim” (Caffaro v Trayna, 35 NY2d 245, 251). There is no assertion of prejudice to the defendant herein and the relevant statutes have been reconciled to provide an alternative which is fair to all concerned.
The commencement of a new action following a dismissal based upon the fact that the action was brought by an improper party is without prejudice to allowing claimant to commence a new action based upon the same cause of action, pursuant to CPLR 205 (a) (Mingone v State of New York, supra).
Accordingly, the claim herein, No. 71611, which was filed within six months after the termination of a previously timely commenced action, is timely and the motion to dismiss is denied.
In view of this decision, claimant’s motion to file a late claim is denied as moot.