■ MICHAEL HERNANDEZ, Respondent, v STATE OF NEW YORK, Appellant.—Mercure, J. Appeal from a judgment in favor of claimant, entered June 18, 1987, upon a decision of the Court of Claims (Lyons, J.).

This claim arose out of an incident which occurred on October 10, 1984 when a State Police instructor intentionally kicked claimant. Claimant filed a notice of intention to file a claim on January 10, 1985, 92 days thereafter. The State did not plead claimant's failure to timely file a notice of intention to file a claim as an affirmative defense or move to dismiss the claim on that basis. Although, following trial, the Court of Claims did raise the issue *sua sponte* and indicated its intention to dismiss the claim after first giving the parties an opportunity to be heard, it nonetheless proceeded to render a decision in favor of claimant and award damages in the amount of $250. The State appeals on the sole ground that claimant's failure to file a notice of intention to file a claim within the 90 days prescribed by Court of Claims Act § 10 (3-b) deprived the Court of Claims of jurisdiction.

The judgment rendered in favor of claimant must be vacated and the claim dismissed. In view of claimant's failure to move for permission to file a late claim within the one-year Statute of Limitations applicable to a cause of action for intentional tort *(see,* CPLR 215 [3]; Court of Claims Act § 10 [6]; *Downes v State of New York,* 76 AD2d 967, 968), the late filing of a notice of intention to file a claim constitutes a nonwaivable defect, depriving the Court of Claims of jurisdiction *ab initio* to render judgment in favor of claimant *(see, Lurie v State of New York,* 73 AD2d 1006, 1007, *affd* 52 NY2d 849; *Smith v State of New York,* 53 AD2d 756, 757, *affd* 41 NY2d 1063; *see also, Byrne v State of New York,* 104 AD2d 782, 783-784, *lv denied* 64 NY2d 607; *Luciano v Fanberg Realty Co.,* 102 AD2d 94, 97-98; *Matter of Welch v State of New York,* 71 AD2d 494, 497-499, *lv denied* 50 NY2d 802;

*Perry v State of New York,* 64 AD2d 799, 800, *lv denied* 46 NY2d 710).

Judgment reversed, on the law, without costs, and claim dismissed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.