■ HEZEKIAH E. BAKER, Appellant, v STATE OF NEW YORK, Respondent.—Appeal from an order of the Court of Claims (Lyons, J.), entered October 23, 1991, which, *inter alia,* granted the State's motion to dismiss the claim.

Neither claimant's notice of intention to file a claim nor the claim itself were filed within the time limitations set forth in Court of Claims Act § 10 (3). In fact, the notice of intention was not filed until July 10, 1991, which was over two years beyond the accrual date of June 8, 1989. Insofar as the time limitations of the statute are jurisdictional, the Court of Claims properly dismissed the claim as untimely *(see, Smith v State of New York,* 41 NY2d 1063; *Kurtz v State of New York,* 40 AD2d 917, *affd* 33 NY2d 828). We also reject claimant's contention that he falls within the time strictures of Court of Claims Act § 10 (5), wherein a claim may be filed within two years following the termination of a legal disability. Any such defense ended on January 12, 1988 when it was judicially determined that claimant was not an incapacitated person. Given that the notice of intention was not filed until July 10,

1991 and that the claim was not filed until July 22, 1991, claimant failed to satisfy that statutory time provision as well *(see, Kurtz v State of New York, supra).* There is nothing in the record to support his claim of a continuing legal disability.

Mikoll, J. P., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.