■ MALKA LICHTENSTEIN, Individually and as Proposed Administrator of the Estate of ABRAHAM LICHTENSTEIN, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 90525.) [676 NYS2d 345] —Carpinello, J. Appeal from a judgment of the Court of Claims (Hanifin, J.), entered June 4, 1997, which granted the State's motion to dismiss the claim.

After entering the westbound lane of State Route 17 in the Town of Liberty, Sullivan County, in the wrong direction, Abraham Lichtenstein (hereinafter decedent) died as a result of

injuries sustained in an ensuing collision. The accident occurred on August 14, 1994 and decedent died intestate. Three months later claimant, his widow, filed a "verified claim" against the State for decedent's personal injuries and wrongful death and her own derivative losses despite the fact that no letters of administration had yet been issued (or even applied for) at that time. In the caption of the claim, claimant designated herself the "Proposed Administratrix". In its answer, the State asserted claimant's lack of capacity to commence the claim as an affirmative defense. Letters of administration were issued on May 15, 1995. At no time thereafter, however, did claimant, in her capacity as administrator, ever file and serve any claim against the State as a result of the accident.

In March 1997, the State moved to dismiss the claim on the ground that claimant, having commenced the action before letters of administration had been issued to her, lacked legal capacity to sue the State rendering the claim a nullity. In a cross motion claimant sought an order deeming the verified claim "duly served and filed nunc pro tunc" pursuant to CPLR 205 (a) or, in the alternative, for leave to serve a late notice of claim pursuant to Court of Claims Act § 10 (6). At issue on appeal is the Court of Claims' dismissal of the claim having found that claimant is not entitled to CPLR 205 (a) relief or permission to file a late claim.

The question of whether claimant's action qualifies for recommencement under CPLR 205 (a) turns on whether the November 1994 verified claim was timely commenced. As relevant here, the statutory prerequisites to a personal injury suit against the State are the filing and service of a claim by a decedent's personal representative within 90 days of the accrual of the claim (*see,* Court of Claims Act § 10 [3]; *see also,* EPTL 11-3.2 [b]). The statutory prerequisites to a wrongful death suit are the filing and service of a claim by an executor or administrator within 90 days of the appointment of such executor or administrator (*see,* Court of Claims Act § 10 [2]). Because this is a suit against the State (*compare, Carrick v Central Gen. Hosp.,* 51 NY2d 242; *George v Mt. Sinai Hosp.,* 47 NY2d 170), these conditions must be strictly construed (*see, Dreger v New York State Thruway Auth.,* 81 NY2d 721, 724). Because claimant had no authority to file the verified claim against the State before being appointed decedent's administrator, and in fact never filed and served any claim after such appointment, the Court of Claims did not err in dismissing the claim as untimely and denying her the relief afforded under

CPLR 205 (a) (*see, id.*; *see also, Jones v State of New York*, 69 AD2d 936, *affd* 51 NY2d 943; *Lewis v State of New York*, 26 AD2d 878, *affd* 25 NY2d 881).

Finally, as to the denial of claimant's application to file a late notice of claim, we note that the Court of Claims considered all the factors enumerated in Court of Claims Act § 10 (6) and we are unable to discern any "clear abuse" of discretion in its ultimate finding that, upon balance, they weigh in favor of the State (*see, Calco v State of New York*, 165 AD2d 117, 119, *lv denied* 78 NY2d 852). Claimant's remaining contentions have been reviewed and rejected.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.