Matter of Gordon v State of New York (2024 NY Slip Op 06300)

Matter of Gordon v State of New York

2024 NY Slip Op 06300

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Kern, J.P., Singh, Kennedy, Higgitt, JJ. 

Index No. 137117 Appeal No. 3268 Case No. 2023-04582 

[*1]In the Matter of Hyacinth Gordon, etc., Claimant-Appellant,
v
The State of New York, Defendant-Respondent.

Law Office of Stephen B. Kaufman, P.C., Bronx (James L. Forde of counsel), for appellant.
Letitia James, Attorney General, New York (Stephen J. Yanni of counsel), for respondent.

Order, Court of Claims of the State of New York (Linda K. Mejias-Glover, J.), entered April 4, 2023, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss claimant's claim, unanimously affirmed, without costs.
Claimant did not properly commence the claim because she did not satisfy the requirements of Court of Claims Act § 10(2) in that she admittedly was not appointed administrator of decedent's estate at the time she filed the intention to file a claim and when she filed the claim (see Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]). The lack of legal capacity defense was not waived by defendant because the statutory requirement of a duly appointed administrator is a condition precedent and an essential element of the claim (see Carrick v Central Gen. Hosp., 51 NY2d 242, 249 n 2, 250 [1980]), and it cannot be waived (see Lepkowski v State of New York, 1 NY3d 201, 209 [2003]). Moreover, defendant's answer did not admit the allegation that claimant was a duly authorized administrator of decedent's estate.
"Because the claimant had no authority to file the claim against the State before she was appointed decedent's administrator, the Court of Claims properly denied her requested relief under CPLR 205(a)" (Francis v State of New York, 218 AD3d 657, 658 [2d Dept 2023]). In the Court of Claims, a claim filed before the claimant was appointed administrator of the estate is not "timely commenced" (CPLR 205 [a]), and therefore cannot be used to invoke CPLR 205 (a) (see Francis, 218 AD3d at 658; Lichtenstein v State of New York, 252 AD2d 921, 922-923 [3d Dept 1998], affd 93 NY2d 911 [1999]; Liddell v State of New York, 182 Misc 2d 133, 137-38 [Ct Cl 1999], affd for reasons stated below 278 AD2d 928 [4th Dept 2000]; see also Dreger, 81 NY2d at 724 ["where, as here, claimants have not met the literal requirements of Court of Claims Act § 11, their actions are not timely commenced, and relief under CPLR 205 (a) is not available"]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2024