■ DEPENDABLE TRUCKING COMPANY, INC., Appellant, v. NEW YORK STATE THRUWAY AUTHORITY, Respondent. (Claim No. 47632.) — Appeal from an order of the Court of Claims, entered on November 13, 1967, which denied a motion for reargument. The collision causing the damages giving rise to this claim occurred on August 31, 1966. Although this appeal is taken from an order which denied claimant's motion for reargument after the State's motion for a preclusion order had been granted, the case must be disposed of on other grounds. The records of the Court of Claims, of which we take judicial notice, indicate that the notice of intention to file a claim was filed on November 30, 1966, which is the 91st day after the claim accrued. Subdivision 3 of section 10 of the Court of Claims Act requires that such a notice be filed within 90

days after the claim accrues. " Since the requirements of section 10 concerning timeliness of filing are jurisdictional (*Bommarito* v. *State of New York*, 35 A D 2d 458; *Crane* v. *State of New York*, 29 A D 2d 1001) at any stage of the action the court may, *ex mero motu* refuse to proceed further and dismiss the action " (*Kurtz* v. *State of New York*, 40 A D 2d 917, 918). Claimant asserts that the notice of claim was mailed on November 29, 1966 — the 90th day — and was, therefore, timely filed. This contention is erroneous, for it has previously been held that the mailing of a notice of claim on the 90th day which is received by the clerk of the Court of Claims on the 91st day does not constitute timely filing (*Green* v. *State of New York*, 28 A D 2d 747). Claim dismissed and appeal dismissed as academic, without costs. Herlihy, P. J., Greenblott, Cooke, Main and Reynolds, JJ., concur.