■ PHILIP ANDRIOLA, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 52312.)—Appeal from a judgment, entered June 20, 1972, upon a decision of the Court of Claims, which dismissed the claim. Claimant asserts this claim for false arrest, assault, and malicious prosecution arising out of

an incident at Shakey's Pizza Parlor on Route 9 in Latham on June 6, 1969. On that date claimant and four coworkers from the Keeler Carlson Mercedes Benz dealership went to Shakey's for beer and pizza after work. They arrived about 5:30 P.M. and took seats at one end of a 15-foot-long picnic table. By about 8:00 P.M. they had consumed, by claimant's testimony, three pitchers of beer and by his friend's testimony, four or five pitchers. Claimant and his friends noticed that two women were sitting at the other end of the table with two men. While one of the men was away from the table, claimant bet his friend Pete Wachtel that Pete could not buy one of the women a drink. It turned out that these women were there with their husbands, off-duty State Troopers French and Carey. Wachtel went to the other end of the table and sat down next to Mrs. French. Her husband and Mrs. Carey were seated across the table; Trooper Carey was away from the table placing an order. After some brief conversation between Wachtel and Mrs. French, Trooper French identified himself as her husband and asked Wachtel to leave. Trooper French stated that Wachtel indicated as he had made a bet that he could "pick her up". Trooper French displayed his badge and warned Wachtel that he would be arrested for harassment if he did not leave Mrs. French alone. According to French, Wachtel responded that he did not give a damn who Trooper French was and he continued in his attempt to pick up Mrs. French. Trooper Carey returned to the table, and was asked by French to call for a patrol car. A car arrived in 10 to 15 minutes. Trooper Guttridge entered Shakey's, French pointed out Pete Wachtel and told him that he was being arrested for harassment. Guttridge then took Wachtel into custody. While Trooper Guttridge was dealing with Wachtel, the claimant demanded to know why his friend was being arrested. He was told by Guttridge to sit down and be quiet. The court found that when the claimant asked a few more times, he was placed under arrest. Both French and Guttridge noticed that the claimant appeared intoxicated. Claimant was taken outside, given a "pat-down" search, handcuffed, and taken to the Troop G barracks in Loudonville, where he was formally charged with public intoxication. The claimant was subsequently acquitted of the charge of public intoxication by Colonie Town Justice D'Agostino, on October 6, 1969. Prior to his acquittal, on September 4, 1969, he filed a notice of intention as to claims for false arrest, false imprisonment, and assault. Following the trial of the action the court granted the State's motion to dismiss the claim on the ground that it was not timely filed, and, further, dismissed the claim on the merits. While the Court of Claims found that the notice of intention as to claims for false arrest and imprisonment were timely filed with the clerk of the court on the 90th day after the claim arose, the court also found that, since the Attorney-General was not served with the notice of intention until the 91st day, claimant failed to comply with the requirements of section 11 of the Court of Claims Act. The claim for malicious prosecution, which arose upon the dismissal of the charges against the claimant in October, 1969, was also found to be untimely since it was not filed until April, 1970. There has been no proof submitted that would have permitted the court to exercise the discretionary power granted by subdivision 5 of section 10 of the Court of Claims Act to permit late filing. Section 11 of the Court of Claims Act provides that the claim or notice of intention shall be served on the Attorney-General within the time for filing with the clerk of the court (90 days). While the failure to make such service on the Attorney-General may be excused by the court if the clerk of the court shall have delivered a copy of the claim to the Attorney-General within the time required, there is no question here that the service

on the Attorney-General was made by the claimant on the 91st day. The requirements of section 10 of the Court of Claims Act concerning the timeliness of filing are jurisdictional, and the court may refuse to proceed and dismiss the action at any stage when the filing is found to be untimely *(Dependable Trucking Co. v New York State Thruway Auth.,* 41 AD2d 985). Absent permission by the court for late filing, timely service on the Attorney-General is also required, since such service provides the only actual notice to the State body or officer responsible for the investigation and litigation of the claim. The Court of Claims, therefore, properly dismissed the claims for false arrest, false imprisonment and assault as untimely, there being no basis shown upon which late service upon the Attorney-General could have been permitted. As to the claim of malicious prosecution, no action was taken in regard to it prior to filing the claim on April 2, 1970 in the Court of Claims. In such case, the claim itself was required to be filed within 90 days, and thus that claim is also untimely. The court also dismissed the claim on the merits after trial, upon findings that the State Police were justified in concluding that claimant was under the influence of alcohol and annoying persons around him in a public place; that this furnished probable cause and provided a basis for claimant's brief detention, sufficient to validate a warrantless arrest; and that, as to the claim for malicious prosecution, there was probable cause for the arrest of the claimant, and no evidence that the arrest was made or induced by malice. Additionally, the court found that there was no credible evidence to support claimant's contention that the State Police handcuffed him behind his back, allegedly causing injuries, on which he bases his claim for assault. We conclude, as did the Court of Claims, that "The proof adduced at the trial established the fact that the claimant, by his improper action in placing a bet to 'pick up' another man's wife, triggered off a chain of events which eventually culminated in his arrest, imprisonment, and prosecution." The questions raised on the claim for assault were factual ones turning on the credibility of witnesses. They were determined adversely to the claimant, and should not be disturbed on appeal *(Forest v Elliot Truck & Tractor Sales,* 29 AD2d 1031, affd 23 NY2d 952). On this record, it cannot be said that the findings below are against the weight of the evidence, and we find no reason to disturb the court's determination that the instant claim is without merit. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.