■        JEANNE PERRY, Appellant, v STATE OF NEW YORK, Respondent.— Appeal from an order of the Court of Claims, entered May 16, 1977, which denied claimant's motion for an order deeming a filed document a claim, *nunc pro tunc,* and directing that the matter be placed on the trial calendar. Alleging that she sustained personal injuries on December 20, 1974, when she fell on a street in the Village of Hempstead, Nassau County, claimant

---

filed with the Clerk of the Court of Claims on March 19, 1975, 12 copies of a document setting forth her intention to file a claim against the State in the amount of $50,000. Two days later on March 21, 1975, which was the 91st day after the subject claim accrued, the Attorney-General received a copy of the same notice and acknowledged the receipt thereof in a letter to claimant's attorneys. The original notice was received by the Clerk of the Court of Claims on March 31, 1975, and by letter dated the following day wherein the notice was characterized as a "Notice of Intention to File a Claim", the clerk returned 11 copies thereof to claimant's attorneys because only an original and one copy were required when filing a notice of intention. No further action was taken until January 26, 1977 when claimant mailed 11 copies of the notice to the clerk and indicated that said notice had been intended to be a notice of claim. Returning the 11 copies, the clerk advised claimant to make a motion to have the "Notice of Intention" deemed to be a notice of claim as of the date of the original filing, and claimant so moved by notice of motion dated March 15, 1977. Holding that it was without jurisdiction in the matter because the notice, whatever its character, had not been served on the Attorney-General within 90 days after the accrual of the claim (see Court of Claims Act, § 10, subd 3; § 11), the Court of Claims denied the motion, and this appeal ensued. We hold that the order appealed from should be affirmed. Claimant's contentions to the contrary notwithstanding, the record amply supports the court's conclusion that the subject notice was not served upon the Attorney-General until the 91st day after the accident date. Such being the case, the court plainly lacked jurisdiction over the claim and, therefore, was justified in denying claimant's motion (Andriola v State of New York, 53 AD2d 966, mot for lv to app den 40 NY2d 803; Dependable Trucking Co. v New York State Thruway Auth., 41 AD2d 985). In so ruling, we would point out in conclusion that on September 1, 1976, the effective date of subdivision 6 of section 10 of the Court of Claims Act, the present claim had not finally expired because a late filing could still have possibly been permitted under the prior existing law through the exercise of judicial discretion (former Court of Claims Act, § 10, subd 5, renum 6 and amd L 1976, ch 280, eff Sept. 1, 1976). Nonetheless, even though subdivision 6 should therefore be retrospectively applied to the claim (Sessa v State of New York, 63 AD2d 334), under the prevailing circumstances there is no basis shown in the record upon which the court could properly permit a late filing. Although informed by the Attorney-General's office on March 21, 1975 and by the Court of Claims on April 1, 1975 that the notice filed was considered to be a notice of intention and not a notice of claim, claimant waited until January 26, 1977, more than two years after the accrual of the claim (see Court of Claims Act, § 10, subd 3) to assert that the document filed was intended to be a notice of claim. This long delay has never been explained, and, furthermore, nothing contained in the record provides an adequate basis for a determination that claimant has a meritorious cause of action. Order affirmed, without costs. Mahoney, P. J., Greenblott and Main, JJ., concur; Mikoll and Herlihy, JJ., dissent and vote to reverse in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). In our opinion, the claim should be remitted to the Court of Claims for further examination in view of the recent amendment to the Court of Claims Act and recent Court of Appeals decisions. This court should not arbitrarily undertake to decide "an adequate basis for a determination that claimant has a meritorious cause of action or the merits of a long delay". We would reverse, and remit for a hearing.