OPINION OF THE COURT
Edward J. Amann, Jr., J.
The State, in the present motion, seeks to dismiss the instant claim: (1) for failure to state a cause of action; and (2) on the ground that the claim was commenced by a party, who lacked the legal capacity to bring suit.
From January 10, 1977 to May 16, 1977, Thelma Sheinbaum was a patient at Downstate Medical Center (hereinafter referred to as Downstate). Thereafter, on June 22, 1977 Mrs. Sheinbaum died. On June 26, 1978, Mr. Joseph Sheinbaum filed a notice of intention, as "Proposed Administrator of the Estate of Thelma Sheinbaum, deceased.” Mr. Sheinbaum was appointed administrator of the estate on April 23, 1979 by the Surrogate of Kings County. On June 12, 1979, he filed a notice of claim with the Clerk of the Court of Claims, which was denominated Claim No. 63187. The claim was received by the office of the Attorney-General on June 13, 1979. The claim alleges that Mrs. Sheinbaum’s death resulted from malpractice, which was committed while she was a patient at Downstate. The claim sets forth two causes of action, one for com scious pain and suffering, and one for wrongful death.
The attorney for the State argues that the notice of intention and the claim failed to reveal Mrs. Sheinbaum’s date of death, and that the claim did not state when Mr. Sheinbaum was appointed administrator. He therefore argues that the notice of intention and' claim fail to satisfy the requirements of the Court of Claims Act.
On the issue of whether the claim is deficient because it fails to set forth the date that the administrator was appointed and the date of Mrs. Sheinbaum’s death, the notice of claim states that: "[t]his claim is being filed within ninety days after the appointment of Joe Sheinbaum as Administrator of the Estate of Thelma Sheinbaum, deceased, and within two years after the date of death of Thelma Sheinbaum.” *252 Although it would be a better practice to set forth the date of appointment or annex a copy of the letters of administration to the claim, it is not required by the Court of Claims Act. Similarly, while incorporation of the date of death of the decedent would be helpful in determining if the claim was filed within two years of the date of death, recitation that the filing is within the statutory period suffices.
On the question of whether the date of death is required, the statute only requires claimant to set forth the date upon which the claim arose. (Harper v State of New York, 34 AD2d 865.) Given the nature of the claim, it is clear that the claim arose during Mrs. Sheinbaum’s stay in Downstate, and the dates of her confinement are set forth in the notice of claim. As the court stated in Harper v State of New York (supra, p 865): "[a]ll elements of the claim need not be set out with formalistic rigidity, but it must convey notice to the State to enable it to properly investigate, defend, and/or settle the claim [citation omitted], and the time at which the claim arose is clearly an important element of such notice.”
The court finds that the time when the claim arose was set forth and that it enables the State to properly investigate the circumstances surrounding the claim.
Finally, the State argues that: "both the Notice and the Claim fail to satisfy the statute of limitations requirements of Court of Claims Act Section 10 (2) and (3) in that neither one was filed within 90 days of Thelma Sheinbaum’s discharge from Downstate.”
Subdivision 2 of section 10 of the Court of Claims Act provides in pertinent part: "A claim by an executor or administrator * * * for damages for a wrongful act, neglect or default, on the part of the state by which the decedent’s death was caused, shall be filed within ninety days after the appointment of such executor or administrator, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after the death of the decedent. In any event such claim shall be filed within two years after the death of the decedent.”
The issue, therefore, is not whether the cause of action for wrongful death was filed within 90 days of Mrs. Sheinbaum’s release and date of last treatment but rather, whether it was filed within 90 days of Mr. Sheinbaum’s appointment as her administrator and within two years after her death. The *253 court, after reviewing all of the facts, finds the cause of action for wrongful death to have been timely filed as required by subdivision 2 of section 10 of the Court of Claims Act. Mrs. Sheinbaum died on June 22, 1977. On April 23, 1979, Mr. Sheinbaum was appointed administrator of her estate. Thereafter, on June 12, 1979, Mr. Sheinbaum filed the claim. The filing was within 90 days of Mr. Sheinbaum’s appointment and within two years of his wife’s death, therefore it was timely filed.
A much more difficult problem is posed by the question of whether the cause of action for conscious pain and suffering is included within the limitation period set forth in subdivision 2 of section 10 of the Court of Claims Act. If it is covered by this subdivision, the entire claim would be timely. However, if the cause of action for pain and suffering is encompassed by subdivision 3 of the section, it would be untimely and hence dismissible.
Subdivision 2, of which mention has already been made, sets forth the period of limitations involving instances where a claimant dies prior to the filing of a notice of claim. Like the remainder of section 10, it is procedural in nature and does not create a cause of action for wrongful death. The cause of action is created by EPTL 5-4.1. The court will therefore seek to determine if a cause of action for conscious pain and suffering is encompassed within the language of the wrongful death statute.
EPTL 5-4.1 traces its origin through the section 130 of the Decedent Estate Law (L 1920, ch 919, § 1), to section 1902 of the Code of Civil Procedure, which provided that the personal representative: "may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent’s death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued. Such an action must be commenced within two years after the decedent’s death.”[1] This section was in turn derived from Lord Campbell’s Act of 1846 (Fatal Accidents Act 1846, 9 & 10 Viet., ch 93, § 1), which changed the English common law and established a cause of action against a tort-feasor for an injury resulting in the death of the victim.
The court has reviewed the language of section 1902 of the *254 Code of Civil Procedure and the construction placed upon it by the courts. In Crapo v City of Syracuse (183 NY 395) the court discussed the issue presently before the court and found that the Legislature never meant to include an action such as the one at bar within the term "personal injury”. The court limited the definition of personal injury to those cases where a living party who was injured came before the court. The court also relied on its prior decision in Matter of Meekin v Brooklyn Hgts. R. R. Co. (164 NY 145) to illustrate that the type of injury in the case before it, was not an action for a personal injury, but rather for damages to a decedent’s estate. Quoting Judge Vann, in Meekin, the court pointed out that: " 'damages are allowed, not for an injury to the person deceased, but for an injury to the estate of the beneficiary.’ ” (Crapo v City of Syracuse, supra, p 401.) On the basis of this the court found that the term "personal injury” as used in section 1902 referred to an action to recover damages to the estate of the decedent and therefore it was not controlled by a limitation period applicable to personal injuries. The position was reaffirmed in Kelliher v New York Cent. & Hudson Riv. R. R. Co. (212 NY 207, 211), wherein the court pointed out that: "It is now settled beyond the possibility of profitable discussion that this statute [§ 1902] gives a cause of action that is new and distinct from the common-law action for damages on account of personal injuries based on negligence.”
In view of the similarity of wording of both section 1902 of the Code of Civil Procedure and EPTL 5-4.1, the court finds that a cause of action for conscious pain and suffering is encompassed within the language of EPTL 5-4.1. That being the case, the limitation period within which actions must be brought is covered by subdivision 2 of section 10 of the Court of Claims Act.[2] The court therefore finds that the portion of the claim for conscious pain and suffering is timely. This finding is also in accord with the rationale offered by the Court of Appeals in Caffaro v Trayna (35 NY2d 245), which indicated that no prejudice would be suffered by the defender of the suit if they would be required to undertake the defense of another issue of liability raised in a cause of action growing out of the same malpractice.
The court therefore denies the State’s motion to dismiss. This denial is conditioned upon the claimant’s filing an *255 amended claim setting forth the dates upon which death occurred and upon which the administrator was appointed.

. The quoted section is almost identical with EPTL 5-4.1.

. It should be pointed out that the language of subdivision 2 also bears a striking similarity to section 1902 of the Code of Civil Procedure.