In the Matter of the Claims of KAREN WELCH et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 60320.)

Fourth Department, December 21, 1979

### APPEARANCES OF COUNSEL

*Nixon, Hargrave, Devans & Doyle (G. Robert Witmer, Jr., and William S. Brandt* of counsel), for appellants.

*Robert Abrams, Attorney-General (Vernon Stuart* and *Jeremiah Jochnowitz* of counsel), for respondent.

### OPINION OF THE COURT

SCHNEPP, J.

The question presented on this appeal is whether the court may relieve a claimant against the State of New York from complete compliance with the prescribed statutory procedures for the filing and service of a notice of intention to file a claim after the time has elapsed within which a late filing application may be permitted. We hold that this failure creates a jurisdictional defect and that the court is without discretionary power to grant *nunc pro tunc* relief.

Severe and permanent injuries were received by claimants on January 29, 1975 when a large tree fell on a car in which they were traveling. A "notice of intention to file claim" for each claimant was served on the Attorney-General on March 4, 1975. On June 16, 1976 a single claim on behalf of all claimants was filed with the Clerk of the Court of Claims and served on the Attorney-General.

A claim to recover damages for personal injuries caused by the negligence of the State is required to be filed within 90 days after the accrual of the claim unless the claimant files a written notice of intention to file a claim in which event the claim shall be filed within two years after its accrual (Court of Claims Act, § 10, subd 3). The claim or notice of intention shall be filed with the clerk of the court and a copy served upon the Attorney-General (Court of Claims Act, § 11).

Through inadvertence, the claimants did not file the notice of intention with the clerk of the court. Thereafter, on two separate occasions discovery motions in the case were argued and determined by the court. Claimants, at the request of the Attorney-General, provided a bill of particulars relating to their injuries. On March 19, 1979 claimants made application to the court for an order permitting a late filing of claim *nunc*

*pro tunc* as of June 16, 1976 or, in the alternative, an order declaring the original claim to have been timely filed. In the moving papers accompanying this application, claimants' counsel stated that while preparing for trial he discovered that the notice of intention had not been filed with the clerk contrary to his intention to file. He stated that he believed that the notice of intention had in fact been filed with the clerk. The court denied the application, holding that absent a filing as directed by the statute it was without jurisdiction to hear and determine a claim against the State and that jurisdiction could not be conferred by the actions of the parties. Further, the court held that it had no discretion to permit a late filing of the claim under subdivision 6 of section 10 of the Court of Claims Act since the Statute of Limitations clearly barred claimants' causes of action, except for the claim of the infant claimant.

On this appeal claimants contend, *inter alia,* that they meet the requirements for permitting a late filing *nunc pro tunc* of their claim under section 10, that the omission to file the notice of intention with the clerk is a procedural oversight rather than a jurisdictional defect, and that the jurisdictional requirements of sections 10 and 11 must be distinguished from the procedural requirements.

It is undisputed that the provisions of subdivision 3 of section 10 of the Court of Claims Act, which require the filing of a written notice of intention to file a claim within 90 days after the accrual of the claim and the filing of the claim within two years, were fully complied with, except that the notice of intention was not filed with the clerk of the court as required by section 11. The purpose underlying the notice-of-intention requirement was met by timely service on the Attorney-General; it placed the State in a position to make a prompt investigation of the facts and circumstances out of which the claims arose *(Matter of Beary v City of Rye,* 44 NY2d 398, 412). Service of the notice of intention or claim provides "the only actual notice to the State body or officer responsible for the investigation and litigation of the claim" *(Andriola v State of New York,* 53 AD2d 966, 968). The failure to file the notice of intention within the 90-day period is of no real significance in its effect upon the proceedings so long as the notice of intention was timely served on the Attorney-General *(Garrette v State of New York,* 197 Misc 842, 846). The function served by filing the notice with the court is to

permit the court clerk to assign a number to the claim. The notice serves as a document which forms the foundation of future proceedings on the matter *(De Hart v State of New York,* 92 Misc 2d 631, 636; *Diamond v State of New York,* 147 Misc 706).

It is clear that the Court of Claims is not authorized by subdivision 6 of section 10 of the Court of Claims Act to permit a late filing of the claim here since the claim accrued more than three years before the motion was made; the claim, being one for personal injuries, was then barred by the three-year Statute of Limitations. Accordingly, we are called on to determine whether the Court of Claims abused its discretion in not granting *nunc pro tunc* relief by declaring the service of the notice of intention to file claim timely and complete, since the State already had notice based upon service of the notice of intention upon the Attorney-General.

The Court of Claims Act should be given a reasonable construction and one that will not defeat the ends of justice. Where the State has full knowledge of all the facts and its rights have not been prejudiced, substantial compliance with the statute is all that is required *(Chalmers & Son v State of New York,* 271 App Div 699, 701, affd 297 NY 690). In *Chalmers* failure to file the claim did not bar recovery since the document labeled as a notice of intention which contained the required contents of a claim was timely filed.

However, "[a]n order may not be made *nunc pro tunc* which will supply a jurisdictional defect by requiring something to be done which has not been done" *(Stock v Mann,* 255 NY 100, 103; but see, *Kelly v State of New York,* 57 AD2d 320). For example, in *Davis v State of New York* (22 AD2d 733) where a claim for wrongful death was improperly filed by a widow rather than an estate administrator, the court held that the error constituted a jurisdictional defect which the Court of Claims was without power to correct by an order *nunc pro tunc* (see, also, *Lewis v State of New York,* 26 AD2d 878).

A failure to file a notice in writing of intention to file a claim divests the Court of Claims of jurisdiction to hear and determine the claim against the State, even if the State had a moral obligation to pay the claim *(Buckles v State of New York,* 221 NY 418). In *Buckles* the court reviewed the history of the filing requirements and concluded that it was the intention of the Legislature under the earlier amendments (L

1912, ch 545) to make the filing of the notice in all cases a jurisdictional requirement. The State is immune from liability except with its consent and no claim can be litigated against it except by its permission, even though a valid cause of action may exist. Therefore, the *Buckles* court concluded that "[w]hen * * * the legislature in granting permission to prosecute an action against the state required notice of intention to be filed, that condition must be complied with in order to subject the state to an action" *(Buckles v State of New York, supra,* p 424).

Where substantial compliance with the statute is evident, an error in form may be corrected at any stage of the action and it is unimportant whether the amendment or the correction is made *nunc pro tunc* (e.g., *Tomlinson Bros. v State of New York,* 15 AD2d 692, 693). However, it has been repeatedly held that the requirements of the Court of Claims Act as to the filing of claims must be strictly construed because the question of timeliness of filing is jurisdictional *(Dependable Trucking Co. v New York State Thruway Auth.,* 41 AD2d 985 [claim received by Clerk of the Court of Claims on the 91st day]; *Crane v State of New York,* 29 AD2d 1001; *Greene v State of New York,* 28 AD2d 747). In *Andriola v State of New York* (53 AD2d 966, *supra)* the notice of intention to file a claim was timely served with the Clerk of the Court of Claims but claimants failed to comply with section 11 of the Court of Claims Act—the Attorney-General was not served with the notice until the 91st day. The court held that "[t]he requirements of section 10 of the Court of Claims Act concerning the timeliness of filing are jurisdictional, and the court may refuse to proceed and dismiss the action at any stage when the filing is found to be untimely [citation omitted]" *(Andriola v State of New York, supra,* p 968). In *Perry v State of New York* (64 AD2d 799, 800) the court held that the Court of Claims "plainly lacked jurisdiction over the claim" where the notice of intention was not served upon the Attorney-General until the 91st day after the accident date.

The fact that the State may not have been prejudiced by the failure to file the notice of intention with the clerk is immaterial. "Since all of section 10 is jurisdictional in character, particularly the timeliness of filing, the provisions must be strictly construed [citations omitted]" *(Bommarito v State of New York,* 35 AD2d 458, 459; see, also, *De Marco v State of*

*New York,* 43 AD2d 786; *Brennan v State of New York,* 36 AD2d 569; *Kozak v State of New York,* 35 AD2d 909; *Dimovitch v State of New York,* 33 AD2d 146). Clearly, the failure to timely and completely file the notice of the claim for whatever reason cannot be treated by the courts as a nominal irregularity and disregarded (cf. *Matter of Batavia Enterprises v Assessor of Town of Batavia,* 72 AD2d 912; see, generally, *Feinstein v Bergner,* 48 NY2d 234; *O'Brien v Reff,* 52 AD2d 1031). It is of no moment to the question of jurisdiction that the Attorney-General had notice of plaintiffs' claims, "since notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court" *(Feinstein v Bergner, supra,* p 241).

There is no substance to the argument that the State should be estopped from claiming a lack of jurisdiction because the notice was not served on the clerk. The Attorney-General had the notice of claim, was able to conduct an investigation when the claim was filed, and proceeded with its defense of the action. During this time, claimants felt secure in their belief that their claims had been properly filed. However, generally, the State cannot be estopped on equitable grounds from exercising its sovereign powers nor is estoppel applicable to the State acting in a governmental capacity (21 NY Jur, Estoppel, § 76). The State in the exercise of its sovereign powers is not to be obstructed by the failure of its appointed agents or officers to obey its commands or by their unauthorized acts or omissions. In any event, it does not appear that the essential elements of an estoppel exist (see, generally, 21 NY Jur, Estoppel, § 21).

It is with reluctance that we affirm the order of the Court of Claims, it being abundantly clear that by reason of the failure to file notices of intention with the Clerk of the Court of Claims, the Court of Claims never had jurisdiction of the claims, and in all cases, except the case of the infant claimant, the Statute of Limitations barred the claims before the application was made to the court.

HANCOCK, JR., J. P., CALLAHAN, DOERR and MOULE, JJ., concur.

Order unanimously affirmed, without costs.