■ Isiah Waiters, Individually and as Administrator of the Estate of Mary Waiters, Deceased, Respondent, v New York City Health and Hospitals Corporation, Appellant. — Motion by plaintiff for reargument of an appeal from an order of the Supreme Court, Kings County, dated September 11, 1979, which appeal was determined by an order of this court dated August 4, 1980 *(Waiters v New York City Health & Hosps. Corp.,* 77 AD2d 871). Motion denied. On this court's own motion, its decision and order, both dated August 4, 1980, are recalled and vacated, and the following decision is substituted. In a wrongful death action predicated upon medical malpractice, defendant appeals from an order of the Supreme Court, Kings County, dated September 11, 1979, which (1) denied its motion to dismiss the complaint insofar as it sought to recover damages for conscious pain and suffering and for loss of services, and (2) granted plaintiff's cross motion for leave to serve and file a late notice of claim. The appeal brings up for review so much of a further order of the same court, dated April 28, 1980, as, upon reargument, adhered to the original determination. Appeal from the order dated September 11, 1979, dismissed as academic. That order was superseded by the order of April 28, 1980, which granted reargument. Appeal from the order dated April 28, 1980 held in abeyance, and the matter is remitted to Special Term for further proceedings consistent herewith. Special Term is to proceed with all convenient speed. In disposing of the appeals when this matter was initially before this court, we remitted to Special Term to explore the question of whether defendant was estopped from asserting plaintiff's failure to file a timely notice of claim. Under the subsequent Court of Appeals decision in *Cohen v Pearl Riv. Union Free School Dist.* (51 NY2d 256), plaintiff acted in a timely manner when he sought leave to file a late notice of claim because he was entitled to any applicable tolling provision, in this case CPLR 210 (subd [a]). We decline to pass on whether Special Term abused its discretion in granting leave to file a late notice of claim because the prior focus of the parties was on a point of law no longer applicable to the case and because the record is still inadequate for purposes of determining whether Special Term correctly granted leave to file a late notice of claim when the factors set forth in subdivision 5 of section 50-e of the General Municipal Law are considered. In light of the long delays already present in this matter, a new hearing on the issues presented should proceed expeditiously. Finally, we note that contrary to plaintiff's prior concession, he does have a viable cause of action for loss of services during the period his wife remained alive. Mollen, P. J., Lazer, Gibbons and O'Connor, JJ., concur.

■ Brewery Workers Pension Fund et al., Respondents v New York State Teamsters Conference Pension and Retirement Fund et al., Appellants. — Motion by appellants for an order staying payment pursuant to an order of the Supreme Court, Queens County, dated February 9, 1981, pending determination of the appeal therefrom. Motion dismissed as academic. The appeal is decided herewith. Gulotta, J. P., Margett, Weinstein and Thompson, JJ., concur.