■ JOHN V. MALEK, Appellant, v STATE OF NEW YORK, Respondent. — Appeals from two orders of the Court of Claims (Murray, J.), entered May 8, 1981 and November 4, 1981, which denied claimant's application pursuant to subdivision 6 of section 10 of the Court of Claims Act for permission to file a late claim. Claimant alleges that he sustained a broken left foot on September 7, 1979, during the course of his employment with the Lane Construction Company, the independent general contractor retained by the State to build and construct part of Route I-88 in Schenectady County. On January 30, 1981, almost 17 months after the date of the accident, claimant made application to the Court of Claims for permission to file a late notice of claim against the State. The proposed notice of claim alleges that the State was negligent in allowing Lane Construction Company to violate the New York State Labor Law and the Federal Occupational Safety and Health Act (OSHA) by using dangerous equipment in the construction of the highway. The Court of Claims, citing *Matter of Beary v City of Rye* (44 NY2d 398), held that the long delay of more than 16 months in filing the proposed claim was prejudicial to the State in that it deprived the State of the opportunity to promptly investigate the matter and to preserve evidence of the facts and circumstances out of which the claim arose. Accordingly, the application for leave to file a late claim was denied. After claimant's motion for leave to renew and reargue the prior application was granted, the court adhered to its original determination. These appeals by claimant from both orders ensued. In determining whether the filing of a late claim should be permitted, the court must consider, among other factors, (1) whether the delay in filing was excusable, (2) whether the State had notice of the essential facts constituting the claim, (3) whether the State had an opportunity to investigate the circumstances underlying the claim, (4) whether the claim appears to be meritorious, (5) whether the failure to file a timely claim or notice of intention resulted in substantial prejudice to the State, and (6) whether the claimant has any other available remedy (Court of Claims Act, § 10, subd 6). The Court of Appeals has pointed out that the list of enumerated factors contained in subdivision 6 of section 10 of the Court of Claims Act is not exhaustive and the presence or absence of any one factor should not be deemed controlling (*Bay Terrace Coop. Section IV v New York State Employees' Retirement System Policemen's & Firemen's Retirement System,* 55 NY2d 979, 981). Thus, it is clear that no single one of the criteria set forth in subdivision 6 of section 10 of the Court of Claims Act is determinative of an application for permission to file a late claim. All must be considered in addition to any other factors which are brought to the court's attention. Here, despite the letter from claimant's attending physician, stating that claimant was totally disabled for at least 90 days after the accident, submitted in support of the motion to reargue and renew, claimant's supplemental affidavit states that he was confined to his home during the 90-day postaccident period "except for visits to the physician". No explanation is given why claimant, who was ambulatory and had access to a telephone, could not have visited or called an attorney for advice. In any event, by the time the motion to late file was made more than 16 months after the date of the accident, the road construction

was completed, the equipment had been removed and the highway was open to the public. Claimant thus offered no reasonable excuse for the delay in filing, and the protracted delay denied the State an opportunity to investigate. Further, the failure to timely file the claim or a notice of intention resulted in substantial prejudice to the State. The evidence, mainly highway construction equipment, was transitory in nature and had vanished, as had all the employees, long before the application for late filing was made. There was nothing left to investigate. Finally, claimant concedes that he has a remedy under the Workers' Compensation Law. We conclude, therefore, that the Court of Claims adequately weighed all of the relevant criteria and properly exercised its discretion in denying claimant's application. Orders affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Levine, JJ., concur.