OPINION OF THE COURT
Gerard M. Weisberg, J.
Claimants, Carmen and Hector Avila, have moved for permission to file a late claim against defendant, State of New York. Opposition is based primarily on a quotation from a 1976 decision of the Appellate Division, Third Department. Because this argument has recently and frequently been urged on similar applications, the time has now come to put it to rest.
The underlying incident occurred on August 28, 1985 at an office of the New York State Department of Motor Vehicles (Department), a facility of the defendant. On that day, Ms. Avila allegedly slipped and fell to the ground due to the undisputed presence of a puddle of water on the floor. The liquid had leaked from an air conditioner. A cause of action is sought to be interposed based on the negligence in allowing this condition to exist. Because over 90 days have elapsed since the event, this motion is necessary. (Court of Claims Act § 10 [6].)
Of the six factors to be considered, defendant primarily relies on the combined elements of prejudice, absence of notice, and lack of opportunity to investigate. Specifically, the State contends that the Attorney-General did not receive notice of the claim within 90 days of the occurrence and, therefore, these factors must be weighed in its favor. In *450 support, it quotes language from Andriola v State of New York (53 AD2d 966) to the effect that where a claim is brought against the State "timely service on the Attorney General is * * * required, since such service provides the only actual notice to the State body or officer responsible for the investigation and litigation of the claim.” (Andriola v State of New York, supra, p 968.)
Defendant’s reliance on Andriola (supra) is misplaced. That decision addresses the requirement of service on the Attorney-General in the first instance, not in the context of a motion for permission to file a late claim. Service is mandated by Court of Claims Act § 10 to put "the State in a position to make a prompt investigation of the facts and circumstances out of which the [claim] arose”. (Matter of Welch v State of New York, 71 AD2d 494, 496, lv denied 50 NY2d 802.)
If service does not take place, jurisdiction does not attach. (Calderazzo v State of New York, 74 AD2d 954.) In such cases, the court, on motion, has the discretion to permit a late filing. One of the factors then to be considered is whether the State received notice of the facts underlying the claim. This issue is separate and distinct from the question of whether the State was served within the time limitations set forth in Court of Claims Act § 10 (1) through (4). The language quoted by the Attorney-General from Andriola (supra) deals with this latter question and not with the considerations relevant to a motion for permission to file a late claim.
Attached to claimants’ moving papers is a copy of an accident report, dated August 30, 1985, prepared by the Department’s office manager with respect to the incident. Also included is a copy of a statement written by a security officer pertaining to the event on the day that it occurred. This was submitted to its "Asst. Director” who appears to be the individual who prepared the report of August 30. These documents establish that actual notice of the essential facts constituting the claim had reached the supervisory level. This was notice to the State. (Matter of Cooper v City of Rochester, 84 AD2d 947; Carmen v State of New York, 49 AD2d 965; see, Costello v Barr, 83 AD2d 952; Matter of Wade v City of New York, 65 AD2d 534.) Also, not only did the State have the opportunity to explore the circumstances surrounding the mishap, based on these exhibits, it did, in fact, investigate the claim. Thus, even though a transitory condition may have been involved, the State will not be prejudiced by the granting *451 of this motion. (Matter of Newson v City of New York, 87 AD2d 630; cf. Malek v State of New York, 92 AD2d 659.)
The factual and legal allegations contained in the moving papers give the appearance of merit for a claim based on the presence of a dangerous physical condition. (Basso v Miller, 40 NY2d 233; see, Van Stry v State of New York, 104 AD2d 553.) The absence of another remedy is sufficiently established by the alleged facts. Defendant’s bald conclusionary statement that the cause of action "may” sound in products liability does not refute this conclusion.
Only 10 days elapsed between the expiration of the 90-day period for timely filing and the making of this motion. Although this delay is inexcusable (see, Modem Transfer Co. v State of New York, 37 AD2d 756), it is but one of the six factors that we must consider. All the others are in claimants’ favor. Therefore, the motion is granted. (Bay Terrace Coop. Section IV v New York State Employees’ Retirement Sys. Policemen’s & Firemen’s Retirement Sys., 55 NY2d 979.)
In closing, we note that defendant’s reliance on Tarquinio v City of New York (84 AD2d 265, affd 56 NY2d 950), and other cases dealing with the notice of claim provisions of the General Municipal Law, is misplaced. That statute lists, as one of the factors to be considered by the court in the exercise of its discretion, "whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within [90 days after the claim arose] or * * * a reasonable time thereafter.” (General Municipal Law § 50-e [5].) No such strictures have been imposed by Court of Claims Act § 10 (6) which only requires consideration of the question of whether "the state had notice of the essential facts constituting the claim”. This does not necessarily entail notice to the Attorney-General. (See, Carmen v State of New York, 49 AD2d 965, supra.) At any rate, even under the standard of the General Municipal Law § 50-e (5), we deem the 10-day delay in which the lawyer for the defendant lacked actual notice to be reasonable. (See, Matter of Beary v City of Rye, 44 NY2d 398, 412-413.)