OPINION OF THE COURT
Gerard M. Weisberg, J.
Inter alia, this motion raises a novel issue with respect to a change in language when the Legislature enacted the current provisions of Court of Claims Act § 10 (6), thereby renumbering and rewording its predecessor. (L 1976, ch 280, eff Sept. 1, 1976.)
Claimant, Crystal Crawford, seeks to file a late claim. The incident giving rise to the cause of action occurred on April 8, 1985, when, at approximately 1:30 p.m., claimant slipped on a stairway located in one of the buildings of Hunter College, a facility of the defendant, City University of New York (CUNY). The location of the occurrence was the staircase connecting the third and second floors of the "Hunter North” building. The alleged cause was the presence of an area of "debris, grease and filth”.
The following day, Ms. Crawford reported the event to the administration office at Hunter, as well as to a guidance counselor, Jo-Ann Morgan. This is uncontested by the defendant. Subsequently, on April 26, claimant, while attending school, experienced intense pain in her knees and sought aid at Hunter’s medical office. This is confirmed by a letter dated January 9, 1986 from Margot Voegelin, the director of that office.
Defendant opposes this motion primarily on the ground that the Attorney-General, who defends claims against CUNY in this court, never received actual notice of the claim. In support, reference to the 1976 amendment to the Court of Claims Act is made. Prior to that change, Court of Claims Act former § 10 (5), which governed late claim applications, required in part "that the state or its appropriate department had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the essential facts constituting the claim” (emphasis added). Currently, the court at its discretion is only required to consider, along with five other factors, "whether the state had notice of the essential facts constituting the claim” (Court of Claims Act § 10 [6]). This provision is made applicable to claims against CUNY by Education Law § 6224 (4).
*1015 Defendant argues that the 1976 revision was intended to "withdraw an existing right”. In particular, the amendment meant that "notice to the appropriate department would no longer suffice for the purpose of determining whether the State had notice”. However, an examination of the bill jacket to the amendment reveals that rather than restrict relief, the Legislature intended to liberalize the provisions pertaining to the filing of late claims. (See, Governor’s memorandum, 1976 McKinney’s Session Laws of NY, at 2435; see also, Kelly v State of New York, 57 AD2d 320, 327, affd 45 NY2d 973.) A comparison of the former and current law also discloses that the manner that the State may receive notice of a claim for purposes of this motion was broadened, not narrowed, by that amendment. Specifically, "actual knowledge” by the State is no longer necessary. Defendant’s bald conclusion that the deletion of the phrase "its appropriate department” indicates an intent to require that the Attorney-General be informed of the incident underlying the motion is not substantiated by the legislative history. (See, Woodley v State of New York, 88 Misc 2d 889, 891.)
Moreover, case law does not support the defendant’s position that notice of "possible litigation” is required to be given to the Attorney-General. We have recently held that this contention is inappropriate to a motion for permission to file a late claim. (See, Avila v State of New York, 131 Misc 2d 449.) If we were to conclude otherwise, precious little would be left of the potential for relief that Court of Claims Act § 10 (6) was intended to afford.
The prompt actions by the claimant the day after the mishap and the information furnished Hunter’s medical office on April 26 show that appropriate supervisory officials had notice of the occurrence at the latest 18 days after the event. (See, Carmen v State of New York, 49 AD2d 965.) This put CUNY in a better position to explore the circumstances surrounding the incident than if the claim had been timely filed on the 90th day. (See, Veader v State of New York, Ct Cl, Mar. 12, 1986, Silverman, J.) Indeed, after receiving information about a dangerous condition on one of its stairways, it would seem that Hunter had the obligation as well as the opportunity to investigate.
Given the prompt notice CUNY received, we hold that it will not be substantially prejudiced by the granting of this motion. (See, Matter of Newson v City of New York, 87 AD2d *1016 630.) Although the condition involved could be characterized as transitory, the defendant was apprised of its existence on its own premises within the 90-day filing period. The issue of prejudice would, in such circumstances, only arise if CUNY had not been so informed during that time. (Yarborough v City Univ. of N. Y., Ct Cl, Dec. 31, 1984, Benza, J.; cf Plate v State of New York, 92 Misc 2d 1033, 1040; Walach v State of New York, 91 Misc 2d 167, 174, affd 69 AD2d 1015.) Defendant’s reliance on Malek v State of New York (92 AD2d 659) is misplaced. There an application to file a late claim was made almost 17 months after an accident involving highway construction equipment which had long since been removed. This delay deprived the State of an opportunity to investigate during the statutory period and resulted in substantial prejudice. Here, in contrast, prompt reporting of the incident to three separate offices at Hunter afforded as much, if not more, time to look into the occurrence than if the claim itself had been filed within the span prescribed by law. Under such circumstances, no prejudice results. (See, Gerzel v City of New York, 117 AD2d 549.)
The factual and legal allegations meet the standard required to demonstrate that the claim "appears to be meritorious” for the purposes of this motion. (See, Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1.) Who will be successful on the trial is an entirely different issue. (Cf. Basso v Miller, 40 NY2d 233; Van Stry v State of New York, 104 AD2d 553; Teschke v State of New York, 32 AD2d 978; Morgenstern v Woolworth & Co., 19 Misc 2d 739.)
The absence of another remedy is sufficiently established by the alleged facts. Although the presence of "busy school and working schedules” is an inappropriate excuse for a failure to file a claim, this is but one of the six factors that we must consider. All the others are in claimant’s favor. Therefore, the motion is granted. (Bay Terrace Coop. Section IV v New York State Employees’ Retirement Sys. Policemen’s & Firemen’s Retirement Sys., 55 NY2d 979.)
We note that the proposed claim names the State of New York as codefendant. No State involvement has been shown in this occurrence and, therefore, Ms. Crawford is only given leave to file a claim against CUNY.