OPINION OF THE COURT
Leonard Silverman, J.
On May 17, 1983, Allan Pelnick died from acute meningococcal meningitis (hereinafter meningitis) at University Hospital of SUNY at Stony Brook. Claimant was appointed administratrix of the decedent’s estate on January 4, 1984. She served the claim on February 7, 1984 and filed it on February 8, 1984. Mrs. Pelnick served and filed an amended claim pursuant to our order filed March 3, 1987. The original and amended claims both seek damages for wrongful death, pain and suffering and loss of earnings, services and parental guidance.
The State, conceding that the claim for wrongful death is timely, urges dismissal of the action for pain and suffering since it was not filed within 90 days of accrual. We note that the State did not include the affirmative defense of untimeliness in its answer. While we must accept that a lack of subject matter jurisdiction cannot be waived and may be asserted at any time, the court does not appreciate or condone the practice of playing "possum” (Jones v State of New York, 51 NY2d 943, 945 [dissenting opn, Meyer, J.]) until the Statute of Limitations has expired and claimant can no longer avail *544 herself of the relief afforded by a motion to permit the late filing of a claim.
The law provides that the filing requirements contained in Court of Claims Act § 10 are jurisdictional in nature and must be strictly construed. A claim resulting from personal injury must be commenced within 90 days of accrual (Court of Claims Act § 10 [3]). A claim for wrongful death must be commenced within 90 days of appointment of the legal representative and within two years of death (Court of Claims Act § 10 [2]). Even if arising out of the same incident, the causes of action for wrongful death and personal injury are separate and distinct. Therefore, the requirements of Court of Claims Act § 10 (2) are not applicable to a claim for conscious pain and suffering (Antoine v State of New York, 103 Misc 2d 664; Tode v State of New York, Ct Cl, Lengyel, J. [claim No. 65618], affd 111 AD2d 164; contra, Sheinbaum v State of New York, 101 Misc 2d 250).
Nonetheless, we must interpret the Court of Claims Act reasonably and give it a liberal construction so as not to defeat the ends of justice (Matter of Welch v State of New York, 71 AD2d 494). In this vein, we observe that the filing requirements are not absolute. For example, within the statute itself, there is an express exception for a claimant under a disability (Court of Claims Act § 10 [5]). Pursuant to this provision, an infant or incompetent may file their claim within two years after removal of the disability. Not only is the 90-day period tolled for the duration of their disability, but it is replaced by a much longer period. Accordingly, if an infant dies, the personal representative may. file a claim within two years of death and the 90-day requirement of Court of Claims Act § 10 (3) does not apply (Tode v State of New York, supra).
While the Court of Claims Act establishes the jurisdiction and practice provisions of this court, it does not exist in a vacuum. The Act itself mandates that the Civil Practice Law and Rules shall govern the proceedings in the court and the practice shall be thé same as in the Supreme Court unless it or the rules of the court provide otherwise (Court of Claims Act § 9 [9]). Therefore, we must determine if the tolls and extensions of the CPLR apply to the filing requirements set forth in the Court of Claims Act.
We begin by acknowledging that the filing requirements of Court of Claims Act § 10 (6) are not a Statute of Limitations, *545 but rather are a condition precedent to maintaining the action. Generally, the tolls and extensions provided by CPLR article 2 do not have any bearing on a condition precedent. An exception to this rule exists where the statute establishing the time period for compliance with a condition precedent itself refers to the external Statute of Limitations. In such a situation, the tolls and extensions ordinarily affecting that Statute of Limitations should apply to the condition precedent as well (Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256). In that case (decided after Antoine v State of New York, supra) the Court of Appeals extended the period in which a court can grant an extension of time to serve a notice of claim during the infancy of a claimant in accordance with CPLR 208.
Although Cohen (supra) involved a notice of claim pursuant to General Municipal Law § 50-e, the reasoning employed by the Court of Appeals is equally applicable to a notice of claim in this court. Their decision was premised upon the fact that the statute establishing the condition precedent made direct reference to the Statute of Limitations. Under such circumstances, it concluded there was no basis for withholding application of the tolls and extensions which ordinarily affect that Statute of Limitations.
Similarly, this court has been empowered to exercise its discretion and permit the late filing of a claim by a claimant who fails to file a claim within the time allotted "at any time before an action asserting a like claim against a citizen of the state would be barred under the provisions of article two of the civil practice law and rules.” (Court of Claims Act § 10 [6].) As there is a direct reference within section 10 (6) to CPLR article 2, in its entirety, and the reference is not limited to any specific sections, it follows that the Legislature intended for us to include the tolls and extensions of article 2 when determining the timeliness of claims unless provided otherwise in the Court of Claims Act.
The argument that the extensions should apply only in the context of motions pursuant to Court of Claims Act § 10 (6) and not the remaining portions of section 10 must fail. We cannot accept such an interpretation since it would be an anomaly to extend the time in which we could exercise our discretion but not to extend the time in which a claimant may file a claim as a matter of right.
It follows that the extension of time contained in CPLR 210 *546 (a) applies to this claim. That statute provides: "Where a person entitled to commence an action dies before the expiration of the time within which the action must be commenced and the cause of action survives, an action may be commenced by his representative within one year after his death.”
It becomes more evident that the Legislature intended to have this statute apply to claims in this court by its enactment of Court of Claims Act § 10 (5). Where it did not desire for the tolls and extensions of CPLR article 2 to apply, it specifically adopted a provision inconsistent with the CPLR extension. Hence, Court of Claims Act § 10 (5) establishes a shorter time period for infants and incompetents to bring actions in the Court of Claims than they would otherwise be entitled to in the Supreme Court pursuant to CPLR 208. By virtue of the Legislature’s failure to enact any limitation which is inconsistent with CPLR 210 (a), they implicitly approved the use of that section in determining compliance with Court of Claims Act § 10 (3).
In the case before us, Allan Pelnick died before the 90-day filing period of Court of Claims Act § 10 (3) expired. The claimant, the administratrix of the decedent’s estate, is entitled to the extension of time provided by CPLR 210 (a). (Waiters v New York City Health & Hosps. Corp., 80 AD2d 880.) Accordingly, the cause of action for pain and suffering contained in the claim filed within one year of Allan Pelnick’s death is timely.
In reaching this conclusion, i.e., that the decedent’s claim or pain and suffering is timely, we have continued to apply the precedent established by the Court of Appeals that if there is "a provable claim, only unfairness to defendant or inescapable statutory mandate should foreclose assertion of that claim” (Caffaro v. Trayna, 35 NY2d 245, 251). To this end, we perceive no prejudice to the State nor inescapable statutory mandate which require a dismissal of this portion of the claim. Further, we have given the applicable statutes a practical and reasonable interpretation so as to achieve justice by allowing the litigants to have the claim decided on its merits.
Despite the foregoing, an issue remains regarding the timeliness of that portion of the claim being asserted by claimant individually. This is a derivative action and as such it is separate and distinct from the action for personal injuries *547 (Rios v State of New York, 67 AD2d 744). Rhoda Pelnick did not file her claim within the 90 days of accrual and there are no exceptions or extensions applicable. Therefore, any portion of the claim asserted by Rhoda Pelnick, individually, is dismissed.