OPINION OF THE COURT
Albert A. Blinder, J.
The claim at bar contains allegations of medical malpractice surrounding the birth of decedent Kellian Barrett. It is further alleged that the death occurred as a result of the alleged professional negligence. Damages are claimed for both conscious pain and suffering and wrongful death.
The defendant has moved to dismiss the first cause of action therein for conscious pain and suffering. Claimant has cross-moved to strike the affirmative defense of untimeliness and, in *620 the alternative, for relief pursuant to section 10 (6) of the Court of Claims Act.
Both motions require us to reexamine this court’s holding in Antoine v State of New York (103 Misc 2d 664), and the possible effect thereon, if any, of section 10 (5) of the Court of Claims Act.
According to page 6 of the "Verified Bill of Particulars” filed in this case, Kellian Barrett was born at Downstate Medical Center on August 4, 1982, and died on August 17, 1985.
The claim herein was filed with the court on December 29, 1986. It contains a statement that letters of administration were awarded to Valerie Barrett on December 3, 1986. The answer, containing, inter alia, affirmative defenses of untimeliness and lack of subject matter jurisdiction, was filed on February 23, 1987. There were no motions by either side as a result of the exchange of pleadings.
Approximately six months after joinder of issue, the court requested status reports on the progress of the case from counsel. Both sides ultimately replied and requested a pretrial conference. The court did not receive claimant’s reply until December 4, 1987. Thereafter, a conference was scheduled for January 12, 1988.
It is to be noted that this court, at the January 12, 1988 conference, alerted counsel to this court’s holding in Antoine (supra) and advised that the holding therein could result in the dismissal of the cause of action for pain and suffering for untimeliness.
Counsel for claimant questioned the legal viability of Antoine (supra). Nevertheless, the court urged that claimant’s counsel move under section 10 (6) of the Court of Claims Act, before the Statute of Limitations expired (which was calculated to occur on Feb. 17, 1988), notwithstanding his opinion as to its correctness. These exchanges, while not then on the record, were acknowledged in subsequent proceedings.
Claimant’s counsel did not move prior to February 17, 1988. As one would anticipate, defendant moved, by notice of motion dated February 26, 1988, to dismiss the cause of action for conscious pain and suffering. By notice of cross motion, dated March 1, 1988, claimant moved to dismiss the defendant’s fourth affirmative defense regarding untimeliness.
On the original return date of both motions (Mar. 30, 1988), the court again questioned claimant’s counsel’s failure to *621 move for relief pursuant to section 10 (6) of the Court of Claims Act. In view of that failure and a request for an adjournment by defendant’s counsel, both motions were adjourned until April 13, 1988.
On the adjourned date (Apr. 13, 1988) further colloquy ensued relating, inter alia, to this court’s suggestion at the January 12th conference that a motion be made before February 17, 1988, for relief pursuant to section 10 (6) of the Court of Claims Act. At claimant’s request, the motions were adjourned.
By an amended notice of cross motion, dated April 28, 1988, claimant moved for additional relief pursuant to section 10 (6) of the Court of Claims Act.
Ultimately, full oral argument on the motions was heard on May 25, 1988. During his presentation, claimant’s counsel, while indicating no "exception with the law in Antoine”, argued that the case at bar was not subject to the limitations as outlined in that case. He posited that because the decedent was an infant at death, there existed a two-year period thereafter for claimant to file, pursuant to section 10 (5) of the Court of Claims Act. Therefore, counsel maintained that the claim, filed within two years of the death, was timely with regard to the cause of action for pain and suffering.
Counsel for the defendant remained firm in his position that this court’s holding in Antoine (supra) mandated dismissal of the aforesaid cause of action, that the disability of the infant did not inure to the benefit of the administratrix (who was not under a disability) and that the pain and suffering cause of action was beyond judicial recall.
After argument, the court requested and permitted further research and memoranda by counsel before the motions were marked fully submitted.
It should be noted that while the claimant’s counsel initially disagreed as to the distinctions drawn in connection with the service and filing requirements of section 10 (2) and (3) of the Court of Claims Act, it was finally urged that section 10 (5) of the Court of Claims Act was the sole legal position upon which he relied.
ANTOINE REVISITED
It has been nine years since Antoine (supra) was decided. It followed Sheinbaum v State of New York (101 Misc 2d 250) by some five months and it disagreed with the legal conclusions *622 contained therein. The issues were never directly passed upon by the appellate courts of this State. Nevertheless, all the subsequent decisions filed in the Court of Claims agreed with Antoine. (See, Greenblum v State of New York, Ct Cl, claim No. 75288, mot No. M-38512, filed Feb. 16, 1989, Weisberg, J. [which also recited the progeny of Antoine];[1] see also, Leech v State of New York, Ct Cl, claim No. 63521, filed Dec. 29, 1982, Lengyel, J.; Tode v State of New York, Ct Cl, claim No. 65618, filed Sept. 12, 1983, Lengyel, J., affd on other grounds 111 AD2d 164; Aiello v State of New York, Ct Cl, claim No. 68170, filed Feb. 7, 1986, Lengyel, J.; Baisley v State of New York, Ct Cl, claim No. 71677, mots Nos. M-34137, CM-34407, filed Apr. 11, 1986, McCabe, J.)
In reexamining Antoine (supra, at 667), this court observes that in describing the fact pattern in Cruz v Mount Sinai Hosp. (61 AD2d 915), it had referred to the infant as "the decedent”. This was an error. In fact the infant was a "beneficiary”. While the narration of the facts may be different, the proposition of law remains unchanged.
In Antoine (supra) counsel never argued the question of the applicability (or lack thereof) of section 10 (5) of the Court of Claims Act. Nevertheless, implicit in the decision was a holding that the two-year period of tolling provided therein, after the removal of a disability, was inapplicable when claimed by an administratrix of an infant decedent.
It is this implicit holding the claimant desires the court to reexamine.
HISTORY OF THE DISABILITY PROVISION
The language of section 10 (5) appears in the Court of Claims Act for the first time in Laws of 1939 (ch 860). This court examined the 77 pages constituting the Governor’s Bill Jacket, which is preserved in the archives of the State, to determine the intent of the draftsmen. In only one place can one find mention of this disability section. A memorandum from the executive secretary and director of research of the Law Revision Commission to the counsel to the Governor, describing insertions and additions to the law affecting the *623 Court of Claims, states: "18. Adds the provision that if a late claimant is under a legal disability, the claim may be presented within two years after such disability is removed.” (Governor’s Bill Jacket, L 1939, ch 860, at 38.)
In fact, the exact language was already in the New York State Constitution, having been added to article III, § 19, by the New York State Constitutional Convention of 1938, and approved by the voters on November 8, 1938.
An examination of the proceedings of the Constitutional Convention of 1938 indicated that the amendment of section 19 of article III merely incorporated "provisions of Section 6 of Article VII, in relation to claims against the State, and to repeal such section.” (See, 1938 Journal of Constitutional Convention of State of NY, int No. 265, ¶ 687, at 296.)
The language in question appeared in section 6 of article VII by virtue of the 1894 Constitution proposed by a convention that year and approved by the voters at the general election held on November 6, 1894.
The 1894 Constitution in turn borrowed the exact sentence from the 1874 amendment to the 1846 Constitution. As adopted in 1874, it became article VII, § 14 of the Constitution and its last sentence read: "But if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed.”
Lincoln’s Constitutional History of New York (vol 2, at 550) suggests that the forerunner of this language was the revised "Constitution of 1867”.[2] The voters rejected most of the 1867 Constitution in 1869. A constitutional commission met in 1872 and the amendment was adopted in 1874 (for discussion on the Constitutional Commission of 1872, see, 2 Lincoln, op. cit., at 464-574).
There is no indication in any portion of the history of this disability provision that the draftsmen intended to cover a situation wherein a disabled claimant died. The substantive law at the time of its being drafted would militate against any such construction. This is especially the case when interpreting it in the light of the history of the survival statute, now EPTL 11-3.2.
*624 HISTORY OF THE SURVIVAL STATUTE
"At common law, originally, all actions arising ex delicto died with the person by whom or to whom the wrong was done.” (Hegerich v Keddie, 99 NY 258, 259-260; cf., Antoine v State of New York, 103 Misc 2d 664, 668, supra.) This abatement of actions, ex delicto, with the exception of wrongful death actions and damage to property remained the law of this State until 1935. (See, London v Hessberg, 147 Misc 719, 720-721, affd 240 App Div 731, affd 264 NY 435.) Laws of 1935 (ch 795) added Decedent Estate Law §§ 118 and 119. Governor Lehman, in approving the chapter law, said: "The bills make important changes in our substantive law. They serve to bring certain phases of our law into conformity with modern economic and social conditions”. (1935 Public Papers of Herbert H. Lehman, at 347-348 [1938]; see, Greco v Kresge Co., 277 NY 26.)
In 1966 EPTL 11-3.2 was adopted to succeed Decedent Estate Law §§ 118 and 119.
CONCLUSION
It is apparent to the court from the foregoing that the language of section 10 (5) of the Court of Claims Act was originally drafted in 1867 and adopted, constitutionally, in 1874. At that time, since there were no survival actions, ex delicto, it must be construed to be language which only reflected a personal claim, asserted by "the claimant”. It could not affect a representative action brought by an administrator or executor.
While the survivorship statute (L 1935, ch 795) was adopted in 1935, the same language as the 1874 amendment was nevertheless used in the Constitution of 1938 and the Court of Claims Act of 1939. It would seem illogical for the draftsmen of these provisions to have permitted a two-year tolling period for the representatives of a deceased, disabled claimant to commence an action in the Court of Claims, when the parallel procedural provision in Civil Practice Act § 20[3] contained a one-year limitation, as did its predecessor, Code of Civil Procedure § 402.
The result of this construction is not as Draconian as might be perceived. Initially, a notice of intention could be served within 90 days of death even though there be no authorized *625 legal representative. " '[A]nyone can file a notice of intention to sue’ ” (Matter of Johnson v State of New York, 49 AD2d 136, 138; see also, Atlantic Mut. Ins. Co. v State of New York, 50 AD2d 356, affd 41 NY2d 884). Secondly, section 10 (6) permits an application for permission to file a late claim to be made at any time within the period of the Statute of Limitations. Claimant’s counsel unfortunately did not avail himself of this opportunity.
ANTOINE AFTERVIEW
Tode (supra) and Aiello (supra), while agreeing with Antoine (supra), interpreted section 10 (5) as permitting legal representatives of a deceased infant and incompetent, respectively, a two-year tolling period to file. To that extent, this court respectfully disagrees, as indicated above.
Pelnick v State of New York (141 Misc 2d 542), in holding that CPLR 210 (a) is applicable to section 10 (3) of the Court of Claims Act, suggests that Cohen v Pearl Riv. Union Free School Dist. (51 NY2d 256) overruled Antoine (supra). This court views Cohen (supra) in a different manner. Nevertheless, CPLR 210 (a) would not have aided the claimant in the case at bar since the claim was not filed within one year after the death.
Indeed, in Cohen (supra, at 264), Judge Gabrielli, in writing for a unanimous court, said: "To be sure, when an act such as service of notice of claim must be performed within a specific time as a means of complying with a statutory condition precedent, the time period in question operates as a limitation upon the right to recover rather than as a limitation only upon the remedy, and the tolls and extensions delineated in the CPLR generally may not be invoked to alter the statutorily designated deadline for the performance of the act”.
The only caveat added to the General Municipal Law in Cohen (supra) was the extension of time provided by tolling statutes for the making of an application for leave to serve a late notice pursuant to General Municipal Law § 50-e (5). This ruling would affect section 10 (6) of the Court of Claims Act; but not the sections requiring service and filing as a "condition precedent” to the right to recover, e.g., section 10 (2) and (3).
Recent cases decided on provisions of section 50-e of the General Municipal Law agree with this court’s position in Antoine (supra). In Gibbons v City of Troy (91 AD2d 707), the *626 Third Department held the need for service of a notice within 90 days, even though the decedent was an infant. Gibbons (supra) was cited with approval by the Second Department in Nicholas v City of New York (130 AD2d 470), and by the Fourth Department in Barnes v County of Onondaga (103 AD2d 624). (See also, George v New York City Health & Hosps. Corp., NYLJ, Oct. 31, 1988, at 31, col 4 [Sup Ct, Kings County]; Ferber v New York City Health & Hosps. Corp., NYLJ, Dec. 28, 1988, at 24, col 5 [Sup Ct, Kings County].)
For the reasons stated above, the defendant’s motion is granted, and the cause of action for conscious pain and suffering is dismissed.
The claimant’s cross motion for section 10 (6) relief is denied for untimeless. Despite the court’s inclination to consider favorably such a motion, the court is "without jurisdication over the subject matter” (Downes v State of New York, 76 AD2d 967, 968), and the cause of action is beyond judicial recall. (Cf., Byrne v State of New York, 104 AD2d 782, lv denied 64 NY2d 607; Matter of Welch v State of New York, 71 AD2d 494; Pierson v City of New York, 56 NY2d 950.)

. DeFilippis v State of New York, Ct Cl, Dec. 30, 1988, Rossetti, J.; Fox v State of New York, Ct Cl, Oct. 24, 1988, Corbett, P. J.; Davis v State of New York, Ct Cl, Nov. 21, 1988, Orlando, J.; Foy v State of New York, Ct Cl, May 14, 1985, Lengyel, J.; see also, Pelnick v State of New York, 141 Misc 2d 542 (appeal pending).

. In the debate relating to the proposed provision, it was reported that the proposer suggested: "Suppose the claimant was imprisoned for some cause, or some other disability existed for a time”. (Report of the Proceedings and Debates of the Convention for the Revision of the Constitution of the State of New York, 1867-1868, at 1347.)

. The predecessor of CPLR 210 (a).